THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. LOUIS FRENCH, Petitioner-Appellant.
Second District   No. 2—89—0523

Opinion filed March 20, 1991.

682

G. Joseph Weller and Beth Katz, both of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Louis French, appeals from an order of the circuit court of Du Page County dismissing his petition for post-conviction relief. On appeal, defendant contends that: (1) the trial court erred by denying him an evidentiary hearing on various constitutional claims allegedly raised in the petition; (2) the court should have appointed an attorney outside the public defender's office to represent him; and (3) reversal is required because of his attorney's failure to comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) by making necessary amendments to his *pro se* petition. We affirm.

In May 1987, defendant filed a *pro se* petition for post-conviction relief from a 1965 armed robbery conviction and a 1978 armed robbery conviction. Defendant received a sentence of 5 to 15 years of imprisonment on the 1965 conviction. That conviction was affirmed by this court in *People v. French* (1966), 75 Ill. App. 2d 453. Defendant filed his initial petition for post-conviction relief from this conviction in 1968. That petition was dismissed by the circuit court of Du Page County, and the dismissal was affirmed by our supreme court in *People v. French* (1970), 46 Ill. 2d 104.

Defendant was released from prison in 1973. He was then arrested in 1977, tried by the circuit court of Du Page County, and again convicted of armed robbery. The trial judge sentenced him to a term of between 50 and 100 years in prison. This court affirmed defendant's conviction in *People v. Larson* (1980), 82 Ill. App. 3d 129. (Larson was a codefendant.) Defendant's 1987 petition is his initial petition for post-conviction relief from the 1978 conviction.

The 62-page *pro se* petition filed by defendant in 1987 is barely coherent at many stages and sets forth far-flung, unsubstantiated allegations of a conspiracy allegedly directed against him by numerous present and former Du Page County judges and prosecutors and others, including a former governor of this State. The petition also alleges that the State failed to reveal prior to trial that one of its witnesses, Alberta Meyer, defendant's ex-wife, had been convicted of forgery and deceptive practice involving bad checks on two separate occasions. According to the petition, the first such conviction was in Du Page County in 1965; the second was in Cook County in 1968 or

1969, and the prosecuting attorney and trial judge were aware of these convictions but failed to reveal them to defendant.

The petition states that the prosecuting attorney and trial judge were also aware that Meyer held a State liquor license illegally and the prosecution and an investigator threatened her with imprisonment if she did not testify against defendant. Defendant also alleged that his sentence of between 50 and 100 years for the 1978 conviction was excessive.

With regard to the 1965 conviction, defendant alleged that his appellate counsel was operating under a conflict of interest. This was because, prior to defendant's 1965 trial, the Du Page County State's Attorney was held in contempt of court for failing to turn over a certain transcript of grand jury testimony to defendant (see *People v. French* (1965), 61 Ill. App. 2d 439). Defendant asserted that the same law firm that represented him in his appeal from the 1965 conviction also represented the State's Attorney in his successful appeal from the contempt order, thus producing the conflict. As we shall see, this contention is not factually correct and is based upon a misreading of the attorney listings in the case reporter.

The circuit court originally appointed Eugene Wojcik, an assistant public defender, to represent defendant in the post-conviction proceedings. Numerous status hearings were held regarding the petition, largely because of defendant's continuing requests for appointment of counsel from outside the public defender's office. On August 11, 1988, the court held a hearing on defendant's contention that outside counsel should be appointed because the current public defender, Peter Dockery, had been an assistant State's Attorney at the time of defendant's 1978 trial. Dockery testified that he was not involved in any way in the 1978 prosecution of defendant. The court refused to appoint outside counsel.

At a September 8, 1988, hearing, Wojcik informed the trial court that defendant did not want Wojcik to continue representing him. Peter Dockery appeared at a September 29, 1988, hearing and stated that defendant did not wish to have any attorney from the public defender's office representing him because of the long-standing government conspiracy directed against him. The trial court again refused to appoint outside counsel for defendant. Defendant then stated that he would proceed *pro se* with standby assistance from the public defender's office.

On December 14, 1988, Assistant Public Defender Scott Conger appeared at a hearing in Wojcik's place because Wojcik was on vacation. Conger advised the court that defendant had agreed to have

Wojcik represent him. On February 8, 1989, however, Wojcik advised the court that defendant did not wish to be represented by him or any other assistant public defender. Wojcik again asked the court to appoint outside counsel for defendant, but the court refused to do so. Instead, the court directed the public defender to appoint an attorney from the office other than Wojcik or Dockery to represent defendant. Scott Conger was chosen.

Conger appeared at a hearing on February 17, 1989, and told the court defendant did not wish to be represented by him or any other assistant public defender. Conger and defendant both told the court the same thing at a March 13, 1989, hearing. Conger stated that he had told defendant during a meeting at the penitentiary that he would review the transcripts and appellate record from the 1978 conviction to determine what amendments should be made to the post-conviction petition, but he would not delve into the 1965 conviction unless he was convinced a connection existed between it and the 1978 conviction. According to Conger, defendant then stated he did not wish to have Conger represent him, and he terminated the prison meeting.

The next hearing was held on March 20, 1989. Defendant asked for the appointment of outside counsel, and the trial court again rejected this request. Defendant also again stated that he did not wish to have Conger represent him. The trial court granted defendant leave to represent himself with standby assistance from the public defender's office. Defendant stated, however, that he did not desire such assistance, and he represented himself from that point on.

The State subsequently filed a motion to dismiss the post-conviction petition. The trial court granted the motion on May 25, 1989. Defendant now appeals.

■ Defendant argues that he should have received an evidentiary hearing on several constitutional claims allegedly raised in his petition. A post-conviction petitioner does not have an automatic right to an evidentiary hearing. (*People v. Del Vecchio* (1989), 129 Ill. 2d 265, 279.) The petitioner will only be granted an evidentiary hearing if he or she makes a substantial showing of a violation of a constitutional right and the allegations are supported by the record or by affidavits accompanying the petition. *Del Vecchio*, 129 Ill. 2d at 279.

■ According to defendant, one of his viable constitutional claims is that the State violated a discovery order prior to his 1978 trial by failing to disclose prior convictions of Alberta Meyer, his ex-wife, who testified against him. Defendant asserts that these convic-

tions could have been used at trial to impeach Meyer's credibility. A prior conviction may be used to impeach a witness if it involved dishonesty or was punishable by imprisonment in excess of one year and the conviction or release from imprisonment occurred in the preceding 10 years. (*People v. Powell* (1985), 139 Ill. App. 3d 701, 707.) Defendant's petition contained no affidavits or documents supporting the allegation in his petition that Meyer had twice been convicted of deceptive practice charges involving bad checks. While the petition referred to the testimony of a police sergeant at defendant's 1965 trial that he met defendant at a police station early in 1964 after his wife (Meyer) had been arrested on a charge involving bad checks (see *People v. French* (1966), 75 Ill. App. 2d 453, 456), this testimony does not indicate whether Meyer was ever convicted of such a charge.

■ Defendant also alleged in his petition that at the time of his 1978 trial, Meyer illegally held a liquor license, referring to a certain individual's alleged grand jury testimony. Defendant suggests in the petition that the State coerced Meyer into testifying against him. There are no affidavits or other documents attached to the petition in support of this claim, however. Because defendant's claims concerning Meyer are not substantiated by affidavits or the record, the trial court properly denied him an evidentiary hearing on these allegations.

According to defendant, he was also entitled to an evidentiary hearing on his claim that the law firm representing him in the appeal from his 1965 conviction was operating under a *per se* conflict of interest, having previously represented the Du Page County State's Attorney in an appeal from an order holding him in contempt and fining him $50 for refusing to turn over a grand jury transcript to defendant. Defendant argues that this also tainted his 1978 sentence because convictions obtained in violation of a defendant's right to counsel should not be used against defendant in a subsequent proceeding. See *People v. Martin-Trigona* (1986), 111 Ill. 2d 295, 298.

In support of the factual allegations made in both his petition and his appellate brief concerning this alleged conflict, defendant cites only the appellate opinions in *People v. French* (1965), 61 Ill. App. 2d 439, the contempt case, and *People v. French* (1966), 75 Ill. App. 2d 453, defendant's appeal. The attorneys involved in both cases are listed immediately prior to the texts of the opinions. A close examination of the attorney listings in these cases reveals that defendant's factual contention is not accurate.

The opinion in defendant's appeal lists Corrigan and Mackay of Wheaton as defendant's attorney. (See *French*, 75 Ill. App. 2d at 454.) The opinion in the contempt case against William Hopf, the Du Page County State's Attorney, lists "Edgar J. Elliot, of Wheaton, for defendant-appellant" and "Corrigan and Mackay, of Wheaton \*\*\*, for plaintiff-appellee." (See *French*, 61 Ill. App. 2d at 440.) The caption at the beginning of the case lists the People of the State of Illinois as the plaintiff-appellee and William V. Hopf as the defendant-appellant. Therefore, it is evident that Corrigan and Mackay was not representing the Du Page County State's Attorney in the appeal from the contempt action; rather, the firm was representing the State, which had prosecuted the case against the State's Attorney.

■■ ■ Under these circumstances, no *per se* conflict of interest existed. Our supreme court has held that a *per se* conflict of interest exists in a criminal case if defendant's attorney has a tie to an entity which would benefit from a verdict unfavorable to defendant. (*People v. Spreitzer* (1988), 123 Ill. 2d 1, 16.) In each case holding that such a conflict existed, the conflict was created by defense counsel's prior or contemporaneous association with the alleged victim or the prosecution. (See *Spreitzer*, 123 Ill. 2d at 14.) If Corrigan and Mackay had represented the State's Attorney in the contempt action, a *per se* conflict may very well have existed. As we have seen, however, that firm was the State's Attorney's adversary in the appeal from the contempt order. By seeking to have the contempt order upheld, Corrigan and Mackay was actually acting in defendant's interest since that order resulted from the State's Attorney's refusal to produce a grand jury transcript requested by defendant. There was no conflict of interest because of Corrigan and Mackay's involvement in the contempt appeal, and defendant was not entitled to post-conviction relief on this basis.

■ Defendant also contends that he should have received an evidentiary hearing on the allegation in his petition that his 50- to 100-year sentence was excessive and disproportionate when compared with codefendant Larson's 15- to 20-year sentence. This issue was not raised in defendant's direct appeal (see *People v. Larson* (1980), 82 Ill. App. 3d 129). Issues which a defendant could have presented on direct appeal but failed to present are waived for purposes of future post-convictions petitions. (*People v. Stewart* (1988), 123 Ill. 2d 368, 372.) Clearly, defendant's sentencing issues could have been raised on direct appeal.

■ Defendant argues that this court should consider his sentencing issues because the waiver doctrine should not prevent issues

from being considered if the alleged waiver results from the incompetency of appointed counsel on appeal. (*People v. Barnard* (1984), 104 Ill. 2d 218, 229.) *Barnard* did not involve a post-conviction proceeding, but instead involved a direct appeal in which defendant raised an issue in the supreme court that had not been raised in the appellate court. While we believe the above principle still applies to post-conviction proceedings, we note that defendant did not allege in his petition that his appellate counsel for the 1978 conviction was ineffective. Failure to raise an issue in a post-conviction petition or amended petition results in a waiver of the issue. (Ill. Rev. Stat. 1989, ch. 38, par. 122—3; *People v. Free* (1988), 122 Ill. 2d 367, 375-76.) Thus, unless defendant's attorneys in the post-conviction proceedings were ineffective, the ineffective assistance of appellate counsel issue and the sentencing issues are waived.

Defendant does raise such a claim, asserting that post-conviction counsel failed to follow the dictates of Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) because his attorneys did not file an amended post-conviction petition. The rule states that the record on appeal in a post-conviction proceeding shall contain a showing that petitioner's attorney consulted with petitioner to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of proceedings at trial, and has made any necessary amendments to the *pro se* petition; the requisite showing may be made by filing a certificate. (134 Ill. 2d R. 651(c).) No certificate was filed in the case at bar. While compliance with Rule 651(c) may be established by the record (*People v. Wilson* (1985), 132 Ill. App. 3d 48, 50), it is clear from the record that no amended petition was filed and, in light of the erratic nature of the *pro se* petition, it should have been amended.

■ Our supreme court has stated, however, that, if a post-conviction petitioner refuses to cooperate with his or her attorney, the petitioner cannot complain of inadequate representation which is attributable to his or her conduct. (*People v. Curtis* (1971), 48 Ill. 2d 25, 30.) The record in this case illustrates defendant's continual refusal to cooperate with the attorneys representing him. Defendant continuously sought the removal of Eugene Wojcik as his appointed attorney and the appointment of counsel from outside the public defender's office. Another assistant public defender, Scott Conger, was designated to represent defendant. The record reveals that Conger visited defendant in prison and stated that he would review the trial record so he could make any necessary amendments to the petition. After Conger stated that he would not look into the 1965 conviction

unless he could perceive a connection between it and the 1978 conviction, defendant said he did not wish to have Conger represent him and terminated the conversation.

█ At a subsequent hearing, defendant advised the court that he did not wish to have Conger or any other assistant public defender represent him, and he would prefer to proceed *pro se*. The trial judge allowed him to do so during the remaining proceedings on the petition. Later, at the same hearing, the trial judge asked if defendant desired time to amend the petition. Defendant stated that he did not wish to amend the petition. It is apparent from the above that any failure of defendant's attorneys to comply with Rule 651(c) resulted from defendant's own actions. Therefore, defendant may not successfully claim ineffective assistance of counsel. Furthermore, the right to appointed counsel pursuant to Rule 651(c) in a post-conviction proceeding may be waived. (See *People v. Peeples* (1987), 153 Ill. App. 3d 1050, 1054.) Here, as in *Peeples*, defendant expressed to the court a desire to represent himself and thereby waived his right to appointed counsel. Since defendant's argument that he was entitled to an evidentiary hearing on his sentencing claims was dependent upon the success of his ineffective assistance of counsel contention, the sentencing arguments are waived.

██ █ Defendant also contends that the trial court abused its discretion by refusing to appoint counsel from outside the public defender's office despite his repeated requests. An indigent defendant is not entitled to representation by the counsel of his or her choice; an attorney from outside the public defender's office should be appointed only after a showing of good cause. (*People v. Powell* (1985), 139 Ill. App. 3d 701, 706.) Defendant argues that a conflict of interest existed because Peter Dockery, Du Page County public defender at the time of his post-conviction proceedings, was an assistant State's Attorney at the time of his trial. Dockery, however, did not take part in the prosecution of defendant in 1977 and 1978. In *People v. Spreitzer* (1988), 123 Ill. 2d 1, the defendant raised a similar contention, arguing that his representation by an assistant public defender in Du Page County created a *per se* conflict of interest because Dockery, then the public defender, had been an assistant State's Attorney at the time of his trial and had participated in the decision to charge defendant with murder. (See *Spreitzer*, 123 Ill. 2d at 12.) Our supreme court held that no *per se* conflict of interest existed, concluding that Dockery's former ties to the prosecution would be counterbalanced by his subsequent role as public defender. (123 Ill.

2d at 22.) *Spreitzer* is controlling here, and it mandates the conclusion that no *per se* conflict existed.

■■■ If a potential conflict of interest is brought to the trial court's attention at an early stage, the court must either appoint separate counsel or take adequate steps to determine whether the risk of conflict is too remote to justify separate counsel. (123 Ill. 2d at 18.) Defendant did raise this potential conflict to the trial court, but the court did take adequate steps to ascertain whether separate counsel was warranted by holding a hearing at which Dockery testified he was not involved in prosecuting defendant. Under these circumstances, the trial court correctly determined that any potential conflict of interest was too remote to warrant separate counsel.

■■■ The record reflects that the main reason defendant sought separate counsel is that Wojcik and Conger advised him that it would be futile to seek relief from the 1965 conviction. The record reveals that this advice angered defendant because of his belief that this conviction was the beginning of the massive conspiracy allegedly directed against him. Since there is a 10-year statute of limitations for post-conviction petitions (Ill. Rev. Stat. 1989, ch. 38, par. 122—1), this advice was very sound. Additionally, relief under the Act is only available to individuals whose liberty is constrained because of a criminal conviction. (*People v. Martin-Trigona* (1986), 111 Ill. 2d 295, 301.) Defendant was released from imprisonment for the 1965 conviction in 1973, and he was no longer on parole for that conviction when he filed the 1987 petition. The fact that defendant's attorneys from the public defender's office correctly advised him that relief from the 1965 conviction was unobtainable and should not be sought was not good cause for the appointment of outside counsel. The trial court did not err by refusing to appoint outside counsel to represent defendant.

For the above reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and GEIGER, JJ., concur.