**UNITED STATES of America ex rel. Louis FRENCH, Petitioner,**

v.

**Keith NELSON, Respondent.**

No. 96 C 1895.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 23, 1996.

Louis E. French, Dixon, IL, Pro Se.

Arleen C. Anderson, Attorney General's Office, Darryl Belmonte Simko, Illinois Attorney General's Office, Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner, Louis French, was convicted of armed robbery in 1965. He was released from prison in 1973. Subsequently, Mr. French was convicted again of armed robbery in 1978 and presently is serving a fifty to one hundred year sentence for that crime. Mr. French has pursued various avenues of relief on various claims for both crimes in the state court system, but none of his efforts have been successful in attempting to overturn or modify his convictions.[1] Accordingly, he has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is dismissed in part and denied in part.

Mr. French has claimed the following seven grounds upon which this Court should grant him relief: (1) ineffective assistance of appellate counsel due to a conflict of interest (1965 conviction); (2) denial of due process and ineffective assistance of appellate counsel due to the filing of an inaccurate abstract of the trial record (1965 conviction); (3) denial of due process, right to a fair trial, and right to confront witnesses based on improper limitation by trial court on scope of petitioner's cross examination (1965 conviction); (4) denial of due process for the state's failure to disclose information impeaching a prosecution witness (1978 conviction); (5) denial of due process and the right to a fair trial based on the trial court improperly designating a witness as a court witness and for the limiting instruction on her testimony (1978 conviction); (6) denial of due process and equal protection due to the length of the imposed sentence (1978 conviction); and (7) denial of due process because Mr. French was not proved guilty beyond a reasonable doubt on the charge of armed robbery (1978 conviction).

Before any federal court may hear claims in a petition for habeas corpus relief, a petitioner must satisfy two conditions. First, the petitioner must have exhausted all available state remedies. *Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.1991). Second, all of a petitioner's claims must be raised on direct or post-conviction review in state court; failure to do so results in a procedural default which bars the petitioner from raising those claims in federal court. *Lemons v. O'Sullivan,* 54 F.3d 357, 360 (7th Cir.1995); *Farrell,* 939 F.2d at 411. If the petitioner, however, can show "adequate *cause* to excuse his failure to raise the claim in state court and actual *prejudice* resulting from the default," he may be permitted to raise the defaulted claim in federal court. *Farrell,* 939 F.2d at 411.

In the instant case, Mr. French has exhausted all of his state court remedies. The respondent, Mr. Nelson, concedes this fact, and because Mr. French can no longer pursue his claims in Illinois state courts, he has exhausted his remedies. *See Cawley v. DeTella,* 71 F.3d 691, 693 (7th Cir.1995). Nevertheless, several procedural barriers exist which preclude this Court's review of many of Mr. French's claims. A writ of habeas corpus is issued for the purpose of releasing a prisoner from an unlawful imprisonment. Translated from the Latin, it literally means "you have the body." Black's Law Dictionary 709 (6th ed. 1990). With respect to claims one through three listed above, Illinois no longer has the body of Mr. French. All three of those claims are based on Mr. French's 1965 conviction for which he is no longer in custody. A prisoner is not in "custody" on an original sentence when that sentence has expired, even if the original sentence has been used to augment a subsequent sentence. *Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir.1990) (discussing *Lowery v. Young,* 887 F.2d 1309, 1312 (7th Cir.1989)). Therefore, a prisoner cannot at-

---

**1.** As it becomes necessary throughout this opinion, I will explain the long and winding procedural history of Mr. French's direct appeals and collateral attacks on these convictions.

tack a conviction for which the sentence has been served because to do otherwise "would read the 'in custody' requirement out of the statute...." *Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989). Consequently, this Court does not have jurisdiction over Mr. French's petition for those claims. *Id.* at 492–93, 109 S.Ct. at 1926–27; *see also United States ex rel. French v. O'Leary,* No. 84 C 5131, 1985 WL 1108, at *1 (N.D.Ill. May 3, 1985)[2].

The Supreme Court's holding in *Maleng,* however, was a narrow one. They expressed no view on whether an original conviction could be challenged as part of a habeas attack on a subsequent conviction for which the prisoner actually was in custody. *Maleng,* 490 U.S. at 494, 109 S.Ct. at 1927. The Seventh Circuit has filled this gap. A prisoner, currently in custody, may claim that a subsequent sentence "violates the Constitution if it was augmented because of an invalid [prior] sentence." *Crank,* 905 F.2d at 1091. To successfully pursue this course, the prisoner must demonstrate that the prior conviction violated the Constitution and that this unlawful conviction was used to enhance the sentence under the subsequent conviction. *Id.* The causal link between the two sentences must be sufficient to "establish a positive and demonstrable nexus between the current custody and the prior conviction." *Lowery,* 887 F.2d at 1312 (citation omitted). Mr. French, however, fails to establish this nexus. In his sixth claim concerning the length of his sentence, he makes only cursory allegations that the trial court relied on his 1965 conviction in determining the sentence for his 1978 conviction.[3] Although Mr. French cannot be expected to know exactly what motivated the trial court, the standard

announced in *Lowery* requires more of a showing than what he has offered. Moreover, the thrust of Mr. French's claim seems to focus more on the alleged disparity between the sentence imposed on him and that of his co-defendant than on any improper enhancement. *See* Petitioner's Petition at 22–23; Petitioner's Reply at 12–13. Thus, the Court lacks jurisdiction to examine any claims relating to the 1965 conviction for any purpose, and therefore those claims are dismissed.

As for the remaining four claims, two of them face a different procedural bar. Mr. French failed to raise claims four and six on direct appeal in Illinois state court. Although he did raise these claims in post-conviction review proceedings, the Illinois appellate court did not address the merits of those claims because it found procedural defects which were independent and adequate state grounds on which to deny his claims. *People v. French,* 210 Ill.App.3d 681, 569 N.E.2d 934, 938–39, 155 Ill.Dec. 457, 461–62 (1991). Specifically, it found that Mr. French had failed to provide any affidavits or other support for claim four, and that he failed to raise on direct appeal the sentencing issues in claim six. *Id.* Therefore, I may not hear the merits of these two claims because "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred...." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). Mr. French may avoid this bar if he can demonstrate either cause for the default and resulting prejudice or that a "fundamental miscarriage of justice"

2. This case involved the same petitioner as the one presently before the Court. Mr. French previously has attempted to anchor his claims in the seemingly deep waters of habeas jurisprudence, only to find no solid ground upon which to base them. In Mr. French's 1985 petition for habeas relief on the 1965 conviction, the Court noted as an aside that Mr. French's claims regarding this conviction were stale because of the passage of twenty years from the date of the conviction until the date of the petition. The problems associated with recovering witnesses, evidence and trial transcripts have not diminished now that Mr. French's conviction is more than thirty years old.

3. Mr. French also mentions a separate 1958 conviction for burglary. Neither Mr. French nor Mr. Nelson has provided this Court with any additional information on this conviction, and I will not address it here beyond noting that it, too, might have played a role in the 1978 sentence. As such, that would further complicate and possibly bar any review of the 1965 conviction in relation to its enhancement of the 1978 sentence, even if Mr. French could demonstrate the necessary causal link. *See Webster v. Estelle,* 505 F.2d 926, 931 (5th Cir.1974).

will occur if the claims are not heard. *Id.* Mr. French has made no such demonstrations.[4]

Finally, I may reach the merits of Mr. French's remaining two claims, claims five and seven. He pursued these issues on direct appeal to the Illinois appellate and supreme courts. *People v. Larson,* 82 Ill. App.3d 129, 402 N.E.2d 732, 738–42, 744–45, 37 Ill.Dec. 730, 736–40, 742–43 (1980); Petition for Leave to Appeal to the Supreme Court of Illinois at 8. The Illinois appellate court rejected Mr. French's claims, and the Illinois Supreme Court denied his petition for leave to appeal. Although Mr. French did not seek post-conviction relief on these claims, he was not required to do so because it would be futile in light of the doctrine of res judicata which would bar further consideration of these claims. *See Cawley,* 71 F.3d at 694. Hence, these two claims are properly before the Court.

Mr. French's fifth claim, that the court in his 1978 trial improperly designated a court witness and used an incorrect oral limiting instruction to the jury, is without merit. On April 24, 1996 the President signed the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996). The Seventh Circuit recently decided that the substantive provisions of that law apply to those habeas cases which were pending at the time of its enactment. *Lindh v. Murphy,* 96 F.3d 856, 865 (7th Cir.1996). Consequently, I will analyze Mr. French's claim under these new provisions.

The new version of Section 2254(d)(1) provides that a federal court shall not issue a writ of habeas corpus for any claim adjudicated on the merits in state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Mr. French has not and cannot make such a demonstration. Mr. French has not shown that the Illinois courts reached a contrary decision to or unreasonably applied any federal law in his case. The limiting

instruction at issue was given with regards to a witness who had changed her testimony from that given before the grand jury. Contrary to what Mr. French maintains, the trial court simply explained to the jury for what purpose it could use the witness' testimony. It did not "suggest" to the jury that she was not telling the truth, but rather the court told the jury to decide "the weight to be given to that witness' testimony" in light of the conflicting statements.

Moreover, I can find no unreasonable federal statutory or constitutional application involved in the trial court's decision to make the witness a court witness. That decision is committed to the discretion of the trial judge, and the Illinois appellate court held that the judge properly exercised that discretion. *People v. Larson,* 402 N.E.2d at 739, 37 Ill.Dec. at 737. Elaborating on the "unreasonable application" standard, the Seventh Circuit concluded:

> Questions of degree—like questions about the proper use of "discretion"—lack answers to which the labels "right" and "wrong" may be attached. When the subject is painted in shades of grey, rather than in contrasting colors, a responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment.... The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected ... because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions.

*Lindh,* 96 F.3d at 871. I see no reason to disturb the state court judgment here.

Likewise, Mr. French's seventh and final claim lacks merit. This claim actually encompasses several issues, meandering from an allegedly improper jury instruction to a lack of proof regarding the use of hammers, which Mr. French contends do not establish guilt beyond a reasonable doubt for armed robbery. This claim fails because Mr. French has alleged that only Illinois law

---

4. Mr. French's claims also would be barred because he failed to pursue a timely appeal of the denial of his post-conviction review to the Illinois Supreme Court. *See Cawley,* 71 F.3d at 695 n. 8.

might have been violated. The Illinois appellate court addressed these issues in terms of the instructions received by the jury, based on the law in Illinois regarding patterned and non-patterned instructions. The court concluded that the jury was given enough instruction on the definition of armed robbery to conclude that Mr. French was armed with a dangerous weapon at the time of the crime. *People v. Larson*, 402 N.E.2d at 741–42, 744–45, 37 Ill.Dec. at 739–40, 741–42. No federal law appears to have been applied to make this conclusion, let alone an unreasonable application. Accordingly, Mr. French's claim must fail.