142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis E. FRENCH, Petitioner-Appellant,
v.
Thomas P. ROTH, Respondent-Appellee.
 No. 96-3848.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Feb. 26, 1998*.
Decided Apr. 1, 1998.
Rehearing Denied April 23, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 1895 Elaine E. Bucklo, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WALTER J. CUMMINGS, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Louis French appeals the dismissal and denial of his 28 U.S.C. § 2254 claims arising from two Illinois armed robbery convictions, one in 1965, and one in 1978. The district court dismissed for lack of jurisdiction French's claims relating to the 1965 conviction because he is no longer in custody for that offense. Two of French's claims relating to his 1978 conviction were denied because of state procedural defaults, and two were denied on the merits using the standards from the Antiterrorism and Effective Death Penalty Act (AEDPA). In light of Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), AEDPA does not apply to French's case. However, even under pre-AEDPA standards, French's claims still fail. We affirm.
 
 
 2
 * STANDARD OF REVIEW
 
 
 3
 French's habeas petition was filed April 2, 1996, prior to the April 24, 1996 effective date of AEDPA. Therefore, pre-AEDPA law applies. See Lindh, 521 U.S. at ----, 117 S.Ct. at 2059. State court findings of historical fact are presumed correct, while mixed questions of fact and law, and questions of law are reviewed de novo. See 28 U.S.C. § 2254(d) (1994); Sumner v. Mata, 455 U.S. 591, 597, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982); Rodriguez v. Peters, 63 F.3d 546, 554 (7th Cir.1995).
 
 II
 FACTS
 
 4
 The facts surrounding the two convictions at issue in these cases are presented in detail in People v. French, 75 Ill.App.2d 453, 220 N.E.2d 635 (Ill.App.Ct.1966) and People v. Larson, 82 Ill.App.3d 129, 37 Ill.Dec. 730, 402 N.E.2d 732 (Ill.App.Ct.1980). We will summarize here only the facts most relevant to French's claims.
 
 A. 1965 Armed Robbery Conviction
 
 5
 French was one of three conspirators who robbed a Jewel grocery store in Oakbrook, Illinois. On the morning of October 21, 1964, French met a friend of his, H.J. Walthers, who was a sergeant in the Oakbrook police department. French told Walthers of his plans to rob the Jewel with two accomplices shortly after 2:00 p.m. that afternoon, and asked Walthers to have a squad car that normally patrolled near the Jewel moved to a different area of the shopping center. Walthers told his superiors about the conversation, and then told French that the patrol car would be sent to a different area of the mall.
 
 
 6
 That afternoon at about 2:00, an armed man entered the Jewel store and took $800 and a cashbox from the service manager of the store, who was preparing money for the arrival of a Brinks truck. While the robbery occurred, an accomplice prevented an employee outside of the store from apprehending the robber, and French waited with the getaway car in the parking lot. Police at the scene arrested the three men, and French was found guilty after a jury trial in May, 1965 and sentenced to five to fifteen years in prison. The conviction was affirmed on direct appeal by the Illinois Appellate Court, see People v. French, 75 Ill.App.2d 453, 220 N.E.2d 635 (Ill.App.Ct.1966). French's pro se post-conviction petition was dismissed. See People v. French, 46 Ill.2d 104, 262 N.E.2d 901 (Ill.1970). French was released from prison in 1973.
 
 B. 1978 Armed Robbery Conviction
 
 7
 On July 21, 1975, French and Arthur Larson robbed the Lizzardo Museum of Lapidary Art in Elmhurst, Illinois. The men stole approximately $100,000 worth of semi-precious stones. The men entered the museum, and smashed open a display case with a hammer. Judith Greene, a museum employee, heard the display case crack, and moved from her desk to the reception counter, where she observed the back of one of the robbers. She saw a flash, and believing that the robbers were shooting at her, she ducked under the counter. The robbers threw an M-80 firecracker at another museum employee as they made their escape.
 
 
 8
 French and Larson ran towards Immaculate Conception High School, which sits across the street from the museum, and escaped. A school employee later found a hammer on the site. Another witness spotted two men changing clothes in bushes in a nearby Illinois Bell parking lot, and after they left, the witness found a hammer and a blue shirt containing two unexploded M-80 firecrackers. A phone company employee saw the two men escape on bicycles.
 
 
 9
 French visited Marilyn Lees's house in Hoffman Estates, Illinois, with some colored stones in the afternoon of July 1. She testified that she saw two bicycles on the back of her car, which French used on that day. Lees also testified that French gave Lees some cutoff jeans, a blue shirt, and a hat to burn. In the following days, she found several colored stones scattered in various locations of her house. In 1976, while discussing an unrelated problem with a Shaumburg police officer, she told the officer about French and what she had seen in her house. French and Larson were convicted after a jury trial in 1978. French's conviction was affirmed on appeal, see People v. Larson, 82 Ill.App.3d 129, 37 Ill.Dec. 730, 402 N.E.2d 732 (Ill.App.Ct.1980), and his state post-conviction petition was denied. See People v. French, 210 Ill.App.3d 681, 155 Ill.Dec. 457, 569 N.E.2d 934 (Ill.App.Ct.1991). French filed a habeas corpus petition covering both convictions in the district court on April 1, 1996.[1]
 
 III
 ANALYSIS
 
 10
 Prior to the Supreme Court's ruling in Lindh, French was granted a certificate of appealability by this court as to three issues arising out of his 1965 conviction (and to determine whether that conviction was properly used to enhance French's 1978 sentence). The three claims were: 1) whether French was denied effective assistance of appellate counsel because of a conflict of interest; 2) whether French was denied due process and effective assistance of appellate counsel due to the filing of an inaccurate abstract of the trial record, and 3) whether French's rights to due process and to confront witnesses were violated by an improper limitation on the cross-examination of Officer Walthers. French filed a brief arguing these three claims, as well as three additional claims relating to his 1978 conviction: 1) Amelia Barthell was improperly appointed a court's witness; 2) sufficiency of the evidence; and 3) French's sentence was disproportionate to his codefendant. Because AEDPA does not apply to French's petition, we treat the certificate of appealability as a certificate of probable cause. Thus, French is free to raise additional claims on appeal. See Koo v. McBride, 124 F.3d 869, 872 (7th Cir.1997).
 
 A. 1965 Conviction
 
 11
 French raises three claims relating to his 1965 conviction. French's sentence for the 1965 conviction ended in 1973. Because he was no longer in custody on that conviction, the district court dismissed the claims on jurisdictional grounds. United States ex rel. French v. Nelson, 947 F.Supp. 1195, 1197-98 (N.D.Ill.1996). The district court noted that the validity of the 1965 conviction could still be challenged if the 1978 conviction was augmented on account of the 1965 conviction, but found that French had failed to make the requisite showing of a nexus between the two cases. See Lowery v. Young, 887 F.2d 1309, 1312 (7th Cir.1989) (quoting Young v. Lynaugh, 821 F.2d 1133, 1137 (5th Cir.1987)); see also Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir.1990). French claims that the judge considered the 1965 conviction when sentencing him in 1978. However, even if a positive and demonstrable nexus between the convictions exists, review of these claims is still not warranted. Smith v. Farley, 25 F.3d 1363, 1367 (7th Cir.1994), held that a challenge to an expired conviction used to enhance a later sentence was not cognizable if the petitioner "has already exercised any earlier opportunity for a full and fair state collateral review" of the prior conviction. If a petitioner has received state collateral review for the expired conviction, our review is restricted to "confirm[ing] the adequacy of those state proceedings for detecting and correcting constitutional error." Id. at 1369-70. French received state collateral review for the 1965 conviction twice--in 1968 and again in 1987. French makes no allegation that his state post-conviction review was unfair or inadequate, and nothing in the record suggests that the proceedings were inadequate. Thus, French's claims relating to his 1965 conviction should be dismissed.
 
 B. 1978 Conviction
 
 12
 1. Appointing Amelia Barthell as a Court's Witness
 
 
 13
 French argues that the trial court erred by appointing his daughter, Amelia Barthell, as a witness of the court, and then by orally instructing the jury on how to use Barthell's testimony. French argues that the district judge rejected this argument on the merits using the new AEDPA standards. Even under the pre-AEDPA standard or review, this claim is meritless.
 
 
 14
 The question whether Barthell was properly designated a court's witness is a question of state law. This court is authorized to grant habeas relief only for violations of the "Constitution or laws or treaties of the United States" 28 U.S.C. § 2254(a) (1994). French argues that this error deprived him of his right to a fair trial. Interpreting the submissions of a pro se plaintiff liberally, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we construe French's argument to be that the court's action was a violation of the Due Process Clause.
 
 
 15
 A violation of state law only creates a due process violation when the error creates "a serious risk of convicting an innocent person." Eaglin v. Welborn, 57 F.3d 496, 500 (7th Cir.1995). Any error committed by the state court in presenting Barthell as a court's witness or instructing the jury on how to use her testimony did not create a serious risk of convicting an innocent person. At the grand jury, Barthell had testified that she accompanied French and Larson to the Lizzardo Museum, and opened the museum's door for them. At trial, however, she stated that she never went to the Museum. The state had reason to believe that Barthell would contradict her grand jury testimony at trial, and in fact she did do so. Similarly, the instruction on how to use Barthell's testimony did not create a serious risk of convicting an innocent person. The judge told the jury simply that Barthell's inconsistent statements should be considered only in weighing Barthell's testimony, not as evidence against the defendants. See People v. Larson, 82 Ill.App.3d 129, 37 Ill.Dec. 730, 402 N.E.2d 732, 740-41 (Ill.App.Ct.1980). French complains that the judge violated his due process rights by giving the jury the instruction orally, but the Constitution does not require that jurors receive written jury instructions.
 
 2. Sufficiency of the Evidence
 
 16
 French next argues he was not proved guilty beyond a reasonable doubt. Our review of sufficiency of the evidence claims is limited. Under Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the evidence is sufficient, if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." French's claims revolve around the requirement that a "dangerous weapon" be used in the commission of an armed robbery. See Ill.Rev.Stat., ch. 38, par. 18-2 (1975). To the extent that French argues that a firecracker cannot be a dangerous weapon, the claim is barred for failure to raise the issue in the Illinois courts. See Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir.1995).
 
 
 17
 The verdict in this case survives scrutiny under the Jackson standard. The state presented evidence that the robbers used hammers to smash open the display cases, and threw firecrackers at museum staff. A reasonable jury could have found that French used a dangerous weapon in the course of the robbery.
 
 3. Disproportionate Sentencing Claim
 
 18
 Lastly, French claims that his sentence was disproportionate to that of his codefendant. French received a 50 to 100 year sentence, while his codefendant received a 15 to 20 year sentence. The district court dismissed French's disparate sentencing claim because he defaulted on the claim in the Illinois courts by failing to raise the issue on direct review of his conviction. See French, 947 F.Supp. at 1198-99. Under Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991):
 
 
 19
 in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 20
 French has shown no cause for the failure to raise the issue on direct review, and because French did not show that the sentence was clearly based on an inappropriate factor, there is no fundamental miscarriage of justice in allowing his sentence to stand. Therefore, we AFFIRM the district court.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f). The current warden is substituted for the previous warden pursuant to Fed. R.App. P. 43(c)
 
 
 [1]
 Apparently, this is French's second attack on each conviction. While not cited by either party, the district court references an unreported district court case that dismissed a prior habeas petition contesting French's 1965 conviction. See French, 947 F.Supp. at 1198 n. 2 (discussing United States ex rel. French v. O'Leary, No. 84 C 5131, 1985 WL 1108 (N.D.Ill. May 3, 1985). The 1985 case references an earlier federal habeas petition covering the 1978 conviction. Neither party has addressed the potential abuse of the writ issue in this case, and we consider the argument waived