FIRST DIVISION

February 9, 2003

No. 1-01-3910

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. )

)

MICHAEL PEOPLES,     ) Honorable

) Rickey Jones,

Defendant-Appellant. ) Judge Presiding. 

JUSTICE McNULTY delivered the opinion of the court:

Defendant Michael Peoples appeals from an order of the circuit court granting the State's motion to dismiss his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et
 
seq
. (West 2000)).  On appeal, defendant contends the dismissal must be reversed and the case remanded because the record fails to affirmatively show that defendant's appointed counsel complied with the requirements of Supreme Court Rule 651(c).  134 Ill. 2d R. 651(c).  We reverse and remand with directions.

At the bench trial, Officer Stoll's testimony established that on the evening of March 16, 1997, defendant engaged in three  separate hand-to-hand narcotics transactions.  During each 

transaction, defendant exchanged items he obtained from a garbage can located at 4226 West Maypole for money.  After the 
transactions, defendant left the packages in the garbage can and walked to 120 North Karlov.  As Officer Stoll arrested defendant at 120 North Karlov, he saw his partner, Officer Kirk, recover a bag from the garbage can at 4226 West Maypole.  The parties stipulated that 14 tinfoil packages were recovered, and one of the packages randomly selected tested positive for heroin.

The court convicted defendant of possession of a controlled substance with intent to deliver.  On December 16, 1997, the court sentenced defendant to six years in prison, to run consecutively to two consecutive six-year sentences imposed in two separate cases (No. 97 CR 11213 and No. 97 CR 14892).
(footnote: 1)
 On direct appeal, the public defender filed a motion for leave to withdraw as defendant's appellate counsel and submitted a brief in support of the motion pursuant to 
Anders v. California
, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).  Defendant received copies of the brief and motion and was advised he had until August 18, 1998, to file a response.  On that date, defendant filed a response.  This court granted the motion and mistakenly noted that defendant failed to respond.  
People v. Peoples
, No. 1-98-0124 (1998) (unpublished order under Supreme Court Rule 23).

On June 12, 2000, defendant mailed his 
pro se 
postconviction petition, essentially alleging his trial counsel was ineffective because during pretrial investigation counsel failed to interview the State's witness and visit the crime scene.  Defendant alleged that if counsel had conducted the proper pretrial investigation, counsel would have learned that it was impossible for Officer Stoll to see 4226 West Maypole from 120 North Karlov.  Defendant further alleged that the evidence was insufficient, the State knowingly used perjured testimony, appellate counsel was ineffective for filing an 
Anders
 without first consulting him, and he was denied the right to appeal.  Defendant attached his own affidavit and those of three individuals.  All four affiants attested that it was impossible to see 4226 West Maypole from 120 North Karlov.  Subsequently, the trial court appointed postconviction counsel for defendant.

The State then filed a motion to dismiss defendant's 
pro se 
petition, first asserting that the petition was not timely filed and defendant did not allege any facts to show that the delay was not due to his culpable negligence.  In the alternative, the State contended that the allegations in the 
pro se 
petition were waived, were refuted by the result of the direct appeal, and were merely conclusional.

Defendant's appointed postconviction counsel filed a response entitled "Defendant's Partial Response to State's Motion to Dismiss (Statu[t]e of Limitations)," asserting that defendant was unaware of the deadline for filing a postconviction petition.  In support of this assertion, postconviction counsel attached defendant's affidavit attesting that he was unaware of the filing deadline for his postconviction petition until November or December 1999 when law clerks and other inmates informed him of the deadline.  Postconviction counsel also contended that it would be inequitable to strictly apply the filing deadline to defendant because he was denied the right to raise the issues on direct appeal.  Postconviction counsel further asserted that defendant did not waive the issues in his petition because the appellate court affirmed his conviction based on 
Anders
 without addressing or even acknowledging his 
pro se
 response, and the appellate court and his appellate counsel effectively denied him his right to appeal.  In support of these allegations, defendant's affidavit attested that the appellate court decided the 
Anders
 motion without addressing his 
pro se
 response.  Also attached to the response was the affidavit of an investigator for the public defender's office, Stephanie Turner, attesting that she visited the crime scene at night and determined it was impossible to see 4226 West Maypole from 120 North Karlov.  Defendant's postconviction counsel requested "that the State's Motion to Dismiss be denied on the basis of the Statute of Limitations and that counsel for petitioner be allowed to complete fulfillment of her obligations under Supreme Court Rule 651(c)."

At the hearing on the State's motion to dismiss, the court asked defendant's postconviction counsel why she was entitled to file a partial response.  Counsel replied as follows:

"I basically responded in major part to the State [
sic
] of Limitations issue, because before I put a substantial amount of work into the case, I wanted to get the Court's ruling with regard to the State [
sic
] of Limitations issue.  Normally if there was no State [
sic
] of Limitations issue, I would probably file a supplemental petition on behalf of the client and, you know, supplement his original petition.  But because the State raised the issue of the State [
sic
] of Limitations as a bar to proceeding on the case, I just addressed that issue."

Postconviction counsel further stated that her response to the State's motion to dismiss was the complete "supplemental" as it related to the statute of limitations.  The court granted the State's motion finding "the petition and supplemental petition for post conviction relief" failed to allege facts showing the untimely filing was not due to defendant's culpable negligence.

On appeal, defendant contends the dismissal must be reversed and the case remanded because defendant's postconviction counsel did not file a Rule 651(c) certificate, and the record does not affirmatively show that defendant's appointed counsel complied with the requirements of Rule 651(c).  134 Ill. 2d R. 651(c).  Specifically, defendant asserts that postconviction counsel failed to expand the legal and factual arguments in defendant's petition; her contact with defendant did not include ascertaining his contentions of deprivation of constitutional rights; she inappropriately limited her compliance with Rule 651(c) by only addressing the statute of limitations issue; and she failed to attach an affidavit from trial counsel concerning her pretrial investigation.  Defendant concedes that postconviction counsel "substantially complied with the requirement that she examine the relevant portions of the trial record" and, therefore, was in "compliance with the record-reading requirement of Rule 651(c)."

A defendant is not entitled to effective assistance of counsel at a postconviction proceeding but, is, however, entitled to a reasonable level of assistance.  
People v. Guest
, 166 Ill. 2d 381, 412 (1995).  Allegations of unreasonable assistance by postconviction counsel do not present a constitutional basis upon which relief can be granted under the Act.  
People v. Jones
, 321 Ill. App. 3d 515, 519 (2001).

Supreme Court Rule 651 governs appeals of postconviction proceedings and imposes requirements on postconviction counsel.  341 Ill. 2d R. 651(c).  Rule 651 provides that the record shall show that the counsel consulted with the defendant either by mail or in person to ascertain his contentions of deprivation of constitutional rights, examined the trial record, and made amendments to the 
pro se
 petition which were necessary for an adequate presentation of the defendant's contentions.  134 Ill. 2d R. 651(c).  Such showing may be made by the certificate of the defendant's counsel.  134 Ill. 2d R. 651(c).  However, the absence of a Rule 651(c) certificate is harmless if the record shows that counsel abided by the rule's requirements.  
People v. Edwards
, 291 Ill. App. 3d 476, 487 (1997).  Appointed counsel need only make those amendments that are necessary for the adequate presentation of the defendant's claims.  
People v. Turner
, 187 Ill. 2d 406, 412 (1999).

Here, postconviction counsel failed to file a Rule 651(c) certificate and asked in her response to the State's motion to dismiss that she "be allowed to complete" her obligations under Rule 651(c).  Furthermore, at the hearing on the State's motion to dismiss, counsel stated that she responded primarily to the statute of limitations issue only because the State was asserting untimeliness as a procedural bar.  Postconviction counsel expressly asserted that she did not want to put forth "a substantial amount of work into the case" unless she overcame the statute of limitations issue.  Based on this record, we find that postconviction counsel failed to adequately comply with Rule 651(c).

The basic flaw in the instant second-stage postconviction matter and the attendant duty of post-conviction counsel under Rule 651(c) derives from the supreme court's decisions in 
People v. Wright
, 189 Ill. 2d 1 (1999), and 
People v. Boclair
, 202 Ill. 2d 89 (2002).  In 
Wright
, the supreme court held that time is not an inherent element of the defendant's right to bring a postconviction petition because the time limit in the Act is a statute of limitations, not a jurisdictional prerequisite.  Accordingly, the 
Wright
 court found "that matters relating to the timeliness of a defendant's petition should first be considered in the trial court, either upon a motion by the State or pursuant to the duty imposed upon the trial court by" the Act.  
Wright
, 189 Ill. 2d at 11-12.

In 
Boclair
, the supreme court expressly held that the timeliness issue must be reserved for the second stage of postconviction proceedings and found that under 
Wright
, "time limitations in the Act should be considered as an affirmative defense and can be raised, waived, or forfeited, by the State."  
Boclair
, 202 Ill. 2d at 101.  The supreme court further opined that the State could or should waive the timeliness bar where warranted: "If an untimely petition demonstrates that a defendant suffered a deprivation of constitutional magnitude, a dutiful prosecutor may waive that procedural defect during the second stage of the post-conviction proceedings."  
Boclair
, 202 Ill. 2d at 101-02.

The State's postconviction responsibility to consider forfeiting the procedural bar of untimeliness necessarily provokes a concomitant duty on the part of postconviction counsel to completely fulfill his or her duty under Rule 651(c) 
before
 the procedural bar of untimeliness is addressed by the State.  If the untimely postconviction petition, as possibly amended or supplemented by postconviction counsel under Rule 651(c), presents "a deprivation of constitutional magnitude" on the part of the defendant, then the State may waive the time bar.  On the other hand, if the untimely postconviction petition, as possibly amended or supplemented by postconviction counsel, does not show such a constitutional deprivation, then the State is free to raise the time bar.  Either way, the State cannot determine whether to waive or raise the time bar unless and until postconviction counsel completely fulfills the duties promulgated in Rule 651(c).

In light of 
Wright
 and 
Boclair
, postconviction counsel in the instant case was misguided in engaging in a wait-and-see game regarding the untimeliness issue.  Postconviction counsel believed that she should wait for the court's ruling on the timeliness issue 
before
 filing a supplemental petition.  Postconviction counsel's position not only contravenes the holdings in 
Wright
 and 
Boclair
, but also, in effect, envisions a bifurcated second-stage postconviction hearing, with one proceeding to determine the time bar issue and a second proceeding to consider the substance of the post-conviction allegations.  No authority suggests such a bifurcated procedure.

For all the foregoing reasons, we find that postconviction counsel's admitted failure to comply with Rule 651(c) prior to the State filing its motion to dismiss fell below the standard of reasonable assistance.  Accordingly, we reverse the trial court's order granting the State's motion to dismiss defendant's postconviction petition and remand for an evidentiary hearing.  On remand, counsel is directed to comply with the requirements of Rule 651(c), and should amend defendant's petition, as necessary for adequate presentation, after consulting with defendant to ascertain his contentions of deprivation of constitutional rights.  
People v. Johnson
, 338 Ill. App. 3d 1004, 1009 (2003).

Reversed and remanded with directions.

O'MALLEY, P.J., and McBRIDE, J., concur.

FOOTNOTES
1:
No. 97 CR 11213 and No. 97 CR 14892 are not included in this appeal.