# Illinois Official Reports

## Appellate Court

---

### *People v. Richardson*, 2018 IL App (2d) 150737

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JARON R. RICHARDSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-0737 |
| Filed<br>Rehearing denied | April 6, 2018<br>September 26, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 10-CF-4037; the Hon. Theodore S. Potkonjak, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Chan Woo Yoon, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, Lawrence M. Bauer, and Aline Dias, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Zenoff and Burke concurred in the judgment and opinion. |

¶ 1    Defendant, Jaron Richardson, appeals the trial court's order dismissing his postconviction petition. He contends that the trial court erred by allowing appointed postconviction counsel to withdraw without stating why each of the contentions in defendant's petition lacked merit. Alternatively, defendant contends that counsel's assistance was unreasonable where he failed to amend the petition to add a viable claim. We affirm.

¶ 2    Following a jury trial, defendant was found guilty of unlawful use of a weapon by a felon while in possession of body armor (720 ILCS 5/24-1.1(a), (e) (West 2010)). One of the issues at trial was whether the vest defendant was wearing was in fact body armor. Waukegan police detective Francisco Cancino testified that the vest was similar to one he wore daily as a police officer. He described how the vest's inserts protected the wearer's vital organs. He demonstrated how the inserts functioned.

¶ 3    In response to defense counsel's objection that the State was trying to qualify Cancino as an expert on body armor without having previously disclosed him as such, the court stated that qualifying him was not necessary. It nevertheless allowed the prosecutor to do so. Defense counsel again objected. In a sidebar, the court stated that it was returning to its "original ruling" that the State did not need to qualify Cancino as an expert and that the State should not be "wasting a lot of time" doing so.

¶ 4    The jury found defendant guilty. Defense counsel filed a posttrial motion arguing, *inter alia*, that the trial court erred by first advising the jury that Cancino had been qualified as an expert on body armor and then, after changing its ruling, failing to advise the jury that Cancino was not testifying as an expert. Defendant also filed a *pro se* posttrial motion alleging ineffective assistance of counsel. After counsel explained her strategy, the court denied both motions without appointing new counsel. The court sentenced defendant to 17 years' imprisonment.

¶ 5    On direct appeal, we held that expert testimony was not needed to prove that the vest in question was body armor. We noted that generally lay witnesses may testify about the nature of a substance they observe and with which they are familiar and that their testimony may even take the form of a conclusion as to what the substance is. *People v. Richardson*, 2013 IL App (2d) 120119, ¶ 12. Accordingly, we affirmed defendant's conviction. *Id.* ¶ 24.

¶ 6    Defendant then filed a *pro se* postconviction petition and requested appointed counsel. The trial court, finding that at least some claims were not frivolous, advanced the petition to the second stage of postconviction proceedings. See 725 ILCS 5/122-2.1(b) (West 2014). The court appointed Ian Kasper to represent defendant.

¶ 7    At the next status date, Kasper sought leave to file a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) and to withdraw as counsel. He said that he had spoken with trial counsel, appellate counsel, and defendant about the petition and had found nothing "that is justiciable or would be an appropriate motion as a post conviction petition that wasn't either litigated by the Second Circuit [*sic*] or resolved earlier by this court." The court allowed him to file the certificate but did not allow him to withdraw.

¶ 8    The State moved to dismiss the petition. At a hearing on the motion, Kasper informed the court that defendant wished to personally argue his petition. Kasper stated that he had filed a Rule 651(c) certificate and had explained to defendant why he "agreed or disagreed" with his

claims. Defendant confirmed that he wished to represent himself. The following colloquy then occurred:

"THE DEFENDANT: The reason why I want to argue the petition, Your Honor, is because when I filed this petition, I filed it as a pro se petition post-conviction [*sic*].

THE COURT: Right.

THE DEFENDANT: Meaning that I had the intentions from the beginning to argue this throughout the whole proceeding myself, and I am under the understanding that counsel was appointed as stand-by counsel only, not the lead.

THE COURT: No.

THE DEFENDANT: I was not aware that counsel was supposed to take the lead in this. I've had one conversation with Mr. Kasper and that was over the phone and that was not enough time for me to go through all the ins and outs of my motions and issues and all the case laws that I have been researching for the past two years in a 30-minute conversation."

¶ 9 Later, the court questioned defendant further about his decision:

"THE COURT: ***

So if you don't wish to have [Kasper] be your attorney, that's fine. I'll release him from the case, and you can proceed pro se if you wish to.

THE DEFENDANT: It is my wish, Your Honor."

¶ 10 In response to the court's queries, defendant said that he had some credits toward a postgraduate degree and felt capable of representing himself. The court then discharged Kasper, and defendant proceeded to argue in opposition to the State's motion to dismiss. Later in the hearing, defendant said that he hoped that he would not be held to the same standards as a lawyer. The court explained that he would, given that he had made the decision to represent himself. Defendant responded that "counsel came and showed up today and proved to me I wouldn't have been represented by him in that same manner ***. So that's why I pretty much was boxed in."

¶ 11 At the conclusion of the hearing, the court granted the State's motion and dismissed the petition. Defendant timely appeals.

¶ 12 Defendant argues that the trial court erred by allowing Kasper to withdraw without explaining specifically why each of defendant's contentions in his *pro se* petition lacked merit. Defendant contends that, despite asserting generally that none of his claims were "justiciable," Kasper never explained why his specific claims were frivolous. See *People v. Kuehner*, 2015 IL 117695, ¶¶ 9-10.

¶ 13 In response, the State points out that Kasper's motion to withdraw was denied and that Kasper did not leave the case until defendant elected to proceed *pro se*. Thus, the State contends, defendant waived the right to postconviction counsel.

¶ 14 *Kuehner* and *People v. Komes*, 2011 IL App (2d) 100014, both held that it was error to allow appointed postconviction counsel to withdraw without addressing specifically each of the defendant's claims and stating why they lacked merit. Here, however, we agree with the State that defendant clearly stated his intention to represent himself and thus waived his statutory right to the assistance of counsel.

¶ 15    Defendant insists that he was "forced to proceed *pro se* due to counsel's hostility to his claims." He cites his later remarks to the effect that he felt "boxed in." However, the record clearly refutes this contention. Defendant's earlier remarks quoted above show that he always intended to represent himself on the petition.

¶ 16    To be sure, defendant voiced concerns about the thoroughness of Kasper's consultation with him. However, he had already made clear that his "intentions from the beginning" were to represent himself and that he would accept Kasper—or any attorney—only as stand-by counsel. Thus, defendant freely chose to argue the petition himself.

¶ 17    A similar analysis disposes of defendant's second contention, that Kasper provided unreasonable assistance by failing to amend the *pro se* petition to include the additional claim that appellate counsel was ineffective for failing to argue that the trial court erred by failing to instruct the jury that Cancino was not testifying as an expert. A postconviction petitioner's right to counsel is statutory, not constitutional (*People v. Suarez*, 224 Ill. 2d 37, 42 (2007)), and a postconviction petitioner is entitled only to a reasonable level of assistance (*People v. Patterson*, 2012 IL App (4th) 090656, ¶ 23). Rule 651(c) ensures such reasonable assistance by requiring that postconviction counsel consult with the defendant to ascertain his contentions of deprivation of his constitutional rights, examine the record of the trial court proceedings, and make any amendments to the defendant's *pro se* petition that are necessary for an adequate presentation of his contentions. *Suarez*, 224 Ill. 2d at 42 (citing Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)).

¶ 18    We note that generally postconviction counsel need amend the petition only to present the defendant's contentions, not to add new claims. *People v. Peoples*, 346 Ill. App. 3d 258, 262 (2004). In any event, though, defendant represented himself at the hearing on the petition, thus waiving the right to counsel. Defendant's remarks show that he carefully considered the issues he wanted to present, and nothing in the record suggests that he sought Kasper's assistance in amending the petition. In *People v. French*, 210 Ill. App. 3d 681, 690 (1991), we held that a defendant who discharged his postconviction counsel and elected to proceed *pro se* could not later complain about counsel's representation. So too here.

¶ 19    The judgment of the circuit court of Lake County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 20    Affirmed.