6 April 2000

No. 2--98--1110

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT 

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Lake County.

)

Plaintiff-Appellee, )

) No. 87--CF--1848

v. ) 

) 

JOHN E. LOVE, ) Honorable

) Stephen E. Walter,

Defendant-Appellant.  ) Judge, Presiding.

_________________________________________________________________

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, John E. Love, appeals the trial court's denial of his motion for forensic testing not available at trial (see 725 ILCS 5/116--3 (West 1998)).  He contends that, in presenting his motion, he was denied "a reasonable level of assistance of counsel."  We affirm.

In May 1988 defendant was convicted of two counts of home invasion (Ill. Rev. Stat. 1987, ch. 38, par. 12--11 (now 720 ILCS 5/12--11 (West 1998))) and one count of armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A--2 (now 720 ILCS 5/33A--2 (West 1998))).  He was sentenced to 3 concurrent prison terms of 45 years.  On direct appeal, this court vacated his conviction of one count of home invasion and affirmed the balance of the judgment.  
People v. Love
, No. 2--88--0642 (1989) (unpublished order under Supreme Court Rule 23).  Defendant filed a postconviction petition (see 725 ILCS 5/122--1 (West 1994)), which the trial court dismissed.  On appeal, we affirmed.  
People v. Love
, No. 2--95--

0382 (1997) (unpublished order under Supreme Court Rule 23).

In March 1998 defendant filed his motion for forensic testing pursuant to section 116--3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/116--3 (West 1998)).  He sought a DNA test of blood that was found at the crime scene.  He alleged that such a test was unavailable at the time of trial; the perpetrator's identity was at issue at trial; the blood had not been altered; and a DNA test would establish defendant's innocence.  The trial court ordered that defendant had 21 days to file a motion for the appointment of counsel and an affidavit of indigence "if he desire[d] appointment of counsel."  Defendant did so, and the court appointed Patrick J. Quilty to represent him.  Quilty filed an amended motion that basically restated the allegations in defendant's original motion.

At a status hearing conducted on July 17, 1998, Assistant State's Attorney Donald Morrison said:

"I have conducted an investigation to determine first of all the merits of the defendant's motion and whether or not there is any blood to be tested.  There is not.  Not only is there no blood to be tested, the blood was destroyed in this case prior to trial.  That was the subject of a pretrial motion.  It was the subject of an appeal as I understand it.  And it was the subject of a *** postconviction petition."

Quilty stated that Morrison had conveyed that information to him only that day.  The court scheduled another status hearing for July 31, 1998.  At that hearing, the court asked whether the existence of the blood had been litigated.  The following exchange occurred:

"MR. MORRISON [Assistant State's Attorney]:  It was litigated in the trial court, it was litigated in the Appellate Court and now it's being attempted to be litigated again.  The fact of the matter is the blood is gone.  The issue on whether or not forensic testing should be done is moot.  There is nothing to be tested.

MR. QUILTY [defendant's attorney]:  *** I don't have anything to say.  It appears that the State has indicated there is no blood and the statute provides that we have to show a chain of custody and my client believed that there is or there still is blood and we filed a motion based on that.

THE COURT: Well, do we need a factual hearing to determine whether or not there is any blood?  Or has that already been factually determined in the trial court and reargued in the Appellate Court?

MR. MORRISON: That fact has been determined.

THE COURT: Do you agree?

MR. QUILTY: I believe so, Judge, yes."

On that basis, the court denied defendant's motion.  Quilty filed a motion for reconsideration but made no argument in the motion or at the hearing.  The motion was denied, and defendant timely appeals.

Defendant contends that he received inadequate assistance of counsel on his motion for forensic testing.  He claims that Quilty erred by conceding that the blood had been destroyed, a fact that, contrary to Morrison's assertions, had not been established.  However, a defendant may not complain of inadequate assistance of counsel if she or he had no right to counsel.  See 
Wainwright v. Torna
, 455 U.S. 586, 587-88, 71 L. Ed. 2d 475, 477-78, 102 S. Ct. 1300, 1301 (1982).  Because defendant cannot establish that he had the right to counsel on his motion, his argument fails.

A defendant has the right to counsel only if the constitution or a statute provides it.  See 
People v. Flores
, 153 Ill. 2d 264, 276 (1992).  It is well settled that the constitutional right to counsel (U.S. Const., amends. VI, XIV) applies during a defendant's trial and first appeal of right, and no further.  
Pennsylvania v. Finley
, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 545, 107 S. Ct. 1990, 1993 (1987); 
People v. Morgan
, 187 Ill. 2d 500, 529 (1999).  Here, defendant moved for forensic testing long after the resolution of his trial and first appeal of right.  Therefore, he had no constitutional right to counsel on his motion.

Furthermore, a plain reading of section 116--3 of the Code reveals that it too conveys no right to counsel.  Indeed, it does not address the subject at all.  When the language of a statute is clear, we must give it effect without resorting to other methods of construction.  
People v. Woodard
, 175 Ill. 2d 435, 443 (1997).  Because the clear language of section 116--3 does not provide it, defendant had no statutory right to counsel on his motion.

Defendant urges us to hold that a section 116--3 movant, like a postconviction petitioner, is entitled to a “reasonable” level of assistance of counsel.  See 
Flores
, 153 Ill. 2d at 276.  We have no power to do so.  A postconviction petitioner is entitled to a particular level of assistance of counsel only because the Post-

Conviction Hearing Act, in specified circumstances, provides the right to counsel.  See 725 ILCS 5/122--2.1(a)(1), 122--4 (West 1998).  If the Post-Conviction Hearing Act did not provide the right to counsel, a postconviction petitioner would not be entitled to any level of assistance.  See 
Flores
, 153 Ill. 2d at 276.  Likewise, because section 116--3 does not provide the right to counsel, defendant may not complain of inadequate assistance on his section 116--3 motion.

We observe that, even when she or he has no right to counsel, a prisoner has a constitutional right of meaningful access to the courts.  
Bounds v. Smith
, 430 U.S. 817, 823, 52 L. Ed. 2d 72, 80, 97 S. Ct. 1491, 1495 (1977).  Clearly, defendant's right of meaningful access was fulfilled when the trial court appointed counsel for him.  See 
Tedder v. Fairman
, 92 Ill. 2d 216, 225 (1982).  However, because defendant had no right to counsel, the appointment of counsel did not carry with it a right to a particular level of assistance of counsel.  See 
Wolfolk v. Rivera
, 729 F.2d 1114, 1119-20 (7th Cir. 1984).  Therefore, the trial court's order must stand.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.