# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Patterson, 2012 IL App (4th) 090656**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKY A. PATTERSON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-09-0656 |
| Rule 23 Order filed | June 8, 2012 |
| Rule 23 Order withdrawn | July 11, 2012 |
| Opinion filed | June 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant was entitled to the reasonable assistance of counsel on his postconviction petition seeking new DNA testing under section 116-3 of the Code of Criminal Procedure, where postconviction counsel was appointed for defendant, counsel incorporated defendant's *pro se* petition into an amended postconviction petition, and counsel filed a Supreme Court Rule 651(c) certificate but then did not present evidence or make arguments concerning the new DNA testing, thus effectively creating a procedural bar to defendant's section 116-3 motion; the denial of the petition was reversed and the cause remanded to determine whether defendant can satisfy the requirements of section 116-3. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 02-CF-1597; the Hon. Charles McRae Leonhard, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Johannah B. Weber and Paige Clark Strawn, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE COOK delivered the judgment of the court, with opinion.

Justices Pope and Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Ricky A. Patterson, appeals the trial court's denial of his motion for forensic testing not available at trial pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (Criminal Procedure Code) (725 ILCS 5/116-3 (West 2008)). He contends he was denied a reasonable level of assistance of counsel because his counsel failed to provide sufficient information to the trial court in support of his motion. We agree and reverse.

¶ 2                                  I. BACKGROUND

¶ 3    In April 2003, a jury convicted defendant of first degree murder (720 ILCS 5/9-1 (West 2002)), arson (720 ILCS 5/20-1 (West 2002)), and concealment of a homicide (720 ILCS 5/9-3.1 (West 2002)) based on the June 18, 2002, murder of Derrick Prout. Bloodstains on the carpet of defendant's rental home matched (1) an unidentified male and (2) Prout. The trial court sentenced defendant to 50 years' imprisonment for murder, 5 years' imprisonment for concealment of a homicide, to run consecutively to the murder sentence, and a concurrent 5-year sentence on the arson conviction. This court affirmed the convictions and sentences on direct appeal in *People v. Patterson*, 347 Ill. App. 3d 1044, 1056, 808 N.E.2d 1159, 1169 (2004).

¶ 4    On June 15, 2006, defendant filed a *pro se* postconviction petition and separate motion for deoxyribonucleic acid (DNA) testing pursuant to section 116-3 of the Criminal Procedure Code. Defendant also filed a motion to proceed *in forma pauperis* and for the appointment of counsel. Defendant's postconviction petition did not address section 116-3. In his separate section 116-3 motion, defendant alleged that his claim of actual innocence is predicated upon DNA testing and "independent DNA testing in this case [would] reveal newly discovered evidence of the defendant['s] innocence."

¶ 5    On June 21, 2006, the trial court appointed counsel for defendant on his postconviction

petition. In 2007, defendant's appointed counsel amended the postconviction petition but did not file an amended section 116-3 motion on defendant's behalf. The amended postconviction petition included an amended section 116-3 claim, stating that defendant "believes he has met the requirements of 725 ILCS 5/116-3 [(West 2006)] to have a new DNA testing completed: more accurate DNA testing is available now than at the time of the trial, identity was an issue at trial, and the State has maintained custody of items to be retested."

¶ 6    The State filed an answer to defendant's amended postconviction petition denying defendant had met the requirements of section 116-3 for new DNA testing. The State alleged defendant had "failed to show what form of DNA testing, not available at the time of trial, would result in material non-cumulative evidence."

¶ 7    Between July 2007 and January 2008, the trial court held an evidentiary hearing on defendant's amended postconviction petition. The State made a motion for a directed finding on several claims in defendant's amended postconviction petition, alleging defendant had not made a *prima facie* case as to those issues. The State specifically addressed those claims referenced in paragraph 3, subsections (b), (c), (d), (e), (f), (g), and (*l*) of defendant's amended postconviction petition. Defense counsel responded "[the State] does not comment on [subsections] [(m)] and [(n)]. [The State] has agreed that [(a)], [(h)], [(j)], [(k)], and [(*o*)] there is *prima facie* evidence. So I just want to talk about the ones [the State] objects to." Counsel was accurate in his statement that the State did not comment on subsections (m) and (n). The record reflects, however, that the State only agreed that defendant had presented *prima facie* evidence on claims (a), (h), and (j). The State never agreed that defendant had presented *prima facie* evidence on subsections (k) and (*o*). These sections were never addressed by the State in its motion for a directed verdict. (Defendant's amended postconviction petition shows that subsection (*o*) referred to defendant's section 116-3 request, and subsection (k) referred to an ineffective assistance of counsel claim regarding counsel's failure to object to certain testimony of the DNA witness.) Moreover, the record shows that defense counsel never presented evidence or testimony in relation to defendant's section 116-3 request (subsection (*o*)) at any point during the hearing. Accordingly, the State never had an opportunity to refute, or acquiesce to, defendant's argument on his section 116-3 request.

¶ 8    At the conclusion of the hearing, the trial court asked the parties to submit written arguments. The record reflects the State filed its argument on June 20, 2008. In the State's written argument, it asserted defendant did not meet the requirements of section 116-3 because he "failed to articulate what form of DNA testing, not available at the time of trial, would result in material non-cumulative evidence."

¶ 9    The trial court's docket sheet does not reflect that defendant filed his written argument. The record on appeal also lacks a copy of defendant's argument. However, the court's May 29, 2009, order denying defendant's petition cites defendant's written argument. In that order, the court denied each of defendant's claims, including paragraph 3, subsections (a) to (*o*). The court denied defendant's section 116-3 (subsection (*o*)) request because he did not identify a more accurate form of testing, did not specify how that form of testing was unavailable at trial, and failed to identify any evidence contemplated by section 116-3 that

was not first tested and now should be.

¶ 10   In 2009, defendant filed a *pro se* motion to reconsider the denial of his amended postconviction petition. Defendant's motion was written in general terms and did not specifically reference any one issue from the postconviction proceedings. The trial court denied defendant's motion to reconsider.

¶ 11   This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13   Defendant appeals the denial of his postconviction petition and alleges he was not provided reasonable assistance of counsel because his counsel failed to provide sufficient information to the trial court in support of his section 116-3 request for additional DNA testing. The State argues that defendant was not denied the reasonable assistance of counsel because he has no right to counsel in connection with his motion for forensic testing pursuant to section 116-3. Defendant argues in response that because his section 116-3 request was included in his amended postconviction petition, and not just in a section 116-3 motion, he was entitled to the reasonable assistance of counsel.

¶ 14                     A. *Love* and the Right to Counsel

¶ 15   "[A] defendant may not complain of inadequate assistance of counsel if she or he had no right to counsel." *People v. Love*, 312 Ill. App. 3d 424, 426, 727 N.E.2d 680, 682 (2000). A defendant has a right to counsel where statute or the constitution provide for it. *Love*, 312 Ill. App. 3d at 426, 727 N.E.2d at 683 (citing *People v. Flores*, 153 Ill. 2d 264, 276, 606 N.E.2d 1078, 1084 (1992)). A defendant's constitutional right to counsel only applies during trial and during a defendant's first appeal of right. *Love*, 312 Ill. App. 3d at 426, 727 N.E.2d at 683 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Defendant does not have a constitutional right to counsel because his section 116-3 request was made after the resolution of his trial and after his direct appeal. Thus, any right to counsel defendant has must be provided by statute.

¶ 16   In *Love*, the defendant urged the court to find that a section 116-3 movant is entitled to the same reasonable assistance of counsel as a postconviction petitioner. See *Love*, 312 Ill. App. 3d at 427, 727 N.E.2d at 683. The *Love* court held it had no power to do so. *Love*, 312 Ill. App. 3d at 427, 727 N.E.2d at 683. The Second District there found, unlike a postconviction petitioner who is afforded the assistance of counsel by the Post-Conviction Hearing Act's specific language (see 725 ILCS 5/122-4 (West 2006)), a section 116-3 movant is not entitled to counsel because the plain language of section 116-3 does not provide a right to counsel. *Love*, 312 Ill. App. 3d at 427, 727 N.E.2d at 683. Thus, the defendant could not allege he was provided inadequate assistance of counsel on his section 116-3 motion where he had no right to counsel. *Love*, 312 Ill. App. 3d at 427, 727 N.E.2d at 683.

¶ 17   We find *Love* inapposite as the facts are distinguishable from defendant's case. In *Love*, the defendant was convicted in 1988 and directly appealed his conviction. *Love*, 312 Ill. App.

3d at 425, 727 N.E.2d at 681. The defendant then filed a postconviction petition, which was denied by the trial court and affirmed in the appellate court in 1997. *Love*, 312 Ill. App. 3d at 425, 727 N.E.2d at 682. Finally, in 1998, the defendant filed a *pro se* section 116-3 motion requesting new DNA testing and a motion for the appointment of counsel. *Love*, 312 Ill. App. 3d at 425, 727 N.E.2d at 682. The court appointed counsel and counsel filed an amended section 116-3 motion "that basically restated the allegations in [the] defendant's original motion." *Love*, 312 Ill. App. 3d at 425, 727 N.E.2d at 682. Counsel represented the defendant on the matter, but ultimately conceded at the hearing that the blood the defendant wished to be tested no longer existed, and the trial court denied the motion on that basis. *Love*, 312 Ill. App. 3d at 426, 727 N.E.2d at 682. The defendant appealed the denial of his petition, alleging counsel was ineffective for conceding the blood was no longer available. *Love*, 312 Ill. App. 3d at 426, 727 N.E.2d at 682.

¶ 18      Here, defendant filed a *pro se* postconviction petition and a separate *pro se* section 116-3 motion for new DNA testing on the same day. After defendant was appointed counsel to represent him on his postconviction petition, defense counsel filed an amended petition. Along with the amended petition, defense counsel filed a Rule 651(c) certificate (Ill. S. Ct. R. 651(c) (eff. Apr. 26, 2012)) stating he consulted with defendant on his petition and "made amendments to *** pleadings as necessary for adequate presentation of his contentions." Counsel included defendant's section 116-3 request in the amended postconviction petition and did not file an amended section 116-3 motion. However, at the proceedings on the postconviction petition, counsel did not present evidence or make any arguments concerning the existence of new DNA testing. Thus, the trial court denied defendant's section 116-3 request in its May 29, 2009, order.

¶ 19      Applying *Love* would be unjust in light of the unique circumstances of this case. Neither *Love*, nor any other decision we can find, addresses the situation where a defendant files a *pro se* postconviction petition and *pro se* section 116-3 motion, is then appointed counsel on the postconviction petition, and counsel amends the postconviction petition to include the defendant's section 116-3 request but takes no further action to present evidence or make arguments during postconviction proceedings.

¶ 20      We recognize that, according to *Love*, defendant would not be entitled to counsel on an independent section 116-3 motion. However, after counsel was appointed, he made the decision to incorporate defendant's section 116-3 claim into the amended postconviction petition. At that point, defendant was no longer in a position to proceed *pro se* on his separate section 116-3 motion. Had he made such a request, he may have risked waiving his right to counsel on the postconviction petition. See *People v. French*, 210 Ill. App. 3d 681, 690, 569 N.E.2d 934, 940 (1991) (where a defendant expresses a desire to represent himself on a postconviction petition, he thereby waives his right to appointed counsel). Thus, once the section 116-3 request became a part of the postconviction petition, defendant was entitled to the same level of assistance he received on his other postconviction claims.

¶ 21      The State further argues that even if defendant's section 116-3 claim was included in his postconviction petition, it was not the proper subject of such a petition, and thus, defendant was not entitled to counsel on the issue. We decline to decide whether such claims are an appropriate subject of a postconviction petition. However, although not cited by either party,

our research has revealed that when a motion should not have been treated as a postconviction petition, but the trial court elects to proceed as if it were, it is incumbent upon appointed counsel to comply with his duties under the Post-Conviction Hearing Act and Rule 651. *People v. Williams*, 23 Ill. App. 3d 988, 320 N.E.2d 411 (1974) (abstract of op.). Defense counsel, the State, and the court all proceeded with defendant's section 116-3 motion as part of the amended postconviction petition. Therefore, counsel should have complied with his duties under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-8 (West 2006)) and Rule 651.

¶ 22                    B. Rule 651(c) and Reasonable Assistance of Counsel

¶ 23        A petitioner is entitled to the reasonable assistance of counsel in postconviction proceedings. *People v. Jennings*, 345 Ill. App. 3d 265, 271, 802 N.E.2d 867, 872 (2003). Rule 651(c) requires that counsel (1) consult with the defendant, (2) examine the record, and (3) make any necessary amendments to the petitioner's *pro se* petition for an adequate presentation of petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. Apr. 26, 2012). Our supreme court and appellate courts have held that "failure to make a routine amendment to a postconviction petition that would overcome a procedural bar constitutes unreasonable assistance in violation of Rule 651(c)." *People v. Broughton*, 344 Ill. App. 3d 232, 241, 799 N.E.2d 952, 960 (2003); see also *People v. Turner*, 187 Ill. 2d 406, 412-13, 719 N.E.2d 725, 729 (1999) (holding that postconviction counsel did not provide reasonable assistance where his failure to amend the petition to include a claim of ineffective assistance of appellate counsel for failure to raise petitioner's claims on direct appeal caused petitioner's claims to be barred by waiver). As it is unreasonable assistance to fail to make an amendment that would overcome a procedural bar, we conclude it is equally unreasonable for postconviction counsel to amend a *pro se* petition in a way that creates a procedural bar for a defendant and fail to follow through with the presentation of evidence and argument thereon. While this argument was not advanced by either party, we find it is necessary to consider such an argument in the interests of reaching a just conclusion.

¶ 24        Here, postconviction counsel amended defendant's *pro se* petition to include a section 116-3 request but failed to present any evidence or argument in support of that request. In doing so, counsel has effectively created a procedural bar, *res judicata*, to defendant's section 116-3 motion.

¶ 25        Our appellate courts have concluded that the statutory language of section 116-3 does not limit the number of motions a defendant may bring. See *People v. Bailey*, 386 Ill. App. 3d 68, 72, 897 N.E.2d 378, 382 (2008). Although successive motions are not impermissible, *res judicata* will bar a successive motion if the exact same issue is raised in both motions. *People v. Barker*, 403 Ill. App. 3d 515, 522-23, 932 N.E.2d 1207, 1214 (2010). Because defense counsel included the section 116-3 request in the amended postconviction petition, the trial court ruled on the merits of the issue, even though counsel seemingly abandoned the issue during the proceedings. (It appears from the record that counsel mistakenly believed the State had acquiesced as to this issue at the postconviction hearing. However, as discussed earlier, the State never made a motion for a directed verdict on subsection (*o*), nor agreed

defendant had presented *prima facie* evidence on the issue.) Any successive motion defendant files will presumably contain the exact same issue raised in his first motion, as it was never truly litigated. Were we to affirm the denial of defendant's amended postconviction petition, defendant may not be able to prevail on a successive motion because he would be barred by *res judicata*. Thus, counsel's affirmative decision to include the section 116-3 request in the amended petition has created a procedural bar for defendant to bring a successive section 116-3 motion. We conclude such action effectively rendered counsel's assistance unreasonable as to this issue.

¶ 26       Accordingly, we reverse the trial court's denial of defendant's amended postconviction petition insofar as the section 116-3 request for new DNA testing. Defendant asks this court to order the trial court to allow new DNA testing to be performed. However, before the trial court allows new testing to be performed, defendant must show he has met the requirements of section 116-3 and that he has made a *prima facie* case that identity was at issue at trial. See *People v. Gibson*, 357 Ill. App. 3d 480, 484-85, 828 N.E.2d 881, 885 (2005); 725 ILCS 5/116-3 (West 2010). Because defendant was not given such an opportunity due to counsel's unreasonable assistance, we remand to the trial court for further proceedings and a determination of whether defendant has satisfied the requirements of section 116-3.

¶ 27                                III. CONCLUSION

¶ 28       For the reasons stated above, we reverse the trial court's denial of defendant's amended postconviction petition insofar as the section 116-3 request and remand with directions. We affirm the trial court's judgment in all other respects.

¶ 29       Affirmed in part and reversed in part; cause remanded with directions.