NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180507-U

NO. 4-18-0507

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 30, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| DOUGLAS A. MALONE, | ) | No. 13CF1195 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John W. Belz, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court reversed the trial court's dismissal of defendant's
postconviction petition and remanded this matter for a third-stage evidentiary
hearing.

¶ 2        In December 2013, the State charged defendant, Douglas A. Malone, with one

count of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2012)) and two

counts of aggravated discharge of a firearm (*id.* § 24-1.2(a)(1)). The charges alleged that on

December 8, 2013, defendant discharged a firearm in the direction of another person, namely,

Dandre Templeton.

¶ 3        In May 2014, defendant entered an open plea of guilty to one count of aggravated

discharge of a firearm in exchange for the State's promise to dismiss the remaining counts. At the

plea hearing, the trial court admonished defendant that the sentencing range was between 4 and 15

years in prison or a sentence of probation but did not admonish defendant that the sentence would

have to be served at 85%. In July 2014, the court sentenced defendant to eight years in prison.

¶ 4        In August 2016, defendant *pro se* filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2014). Defendant claimed he received ineffective assistance of counsel because "on the advice of his attorney and promise that he would receive day-for-day credit for his sentence, [defendant] entered a plea of guilty [on May 22, 2014]." In September 2016, the trial court advanced defendant's petition to the second stage and appointed counsel for defendant.

¶ 5        In February 2018, defendant filed an amended postconviction petition in which defendant argued that he received ineffective assistance of counsel because plea counsel repeatedly advised defendant that any sentence would be served at 50% but the truth was that it would be served at 85%.

¶ 6        In June 2018, the State filed an amended motion to dismiss defendant's petition, and in July 2018, the trial court granted that motion.

¶ 7        On appeal, defendant argues, among other things, that postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and provided unreasonable assistance by failing to allege in the amended petition that plea counsel was ineffective for not filing a motion to withdraw defendant's guilty plea. We agree, reverse the trial court's judgment, and remand for further proceedings.

¶ 8                                I. BACKGROUND

¶ 9        In December 2013, the State charged defendant with one count of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2012)) and two counts of aggravated discharge of a firearm (*id.* § 24-1.2(a)(1)). The charges alleged that on December 8, 2013, defendant discharged a firearm in the direction of Dandre Templeton.

¶ 10                          A. The Plea and Sentencing

¶ 11          In May 2014, defendant entered an open plea of guilty to one count of aggravated discharge of a firearm in exchange for the State's promise to dismiss the remaining counts. At the plea hearing, the trial court admonished defendant that the sentencing range was between 4 and 15 years in prison or a sentence of probation but did not admonish defendant that the sentence would have to be served at 85%.

¶ 12          In July 2014, the trial court conducted defendant's sentencing hearing at which defendant requested that the court sentence him to probation. The court sentenced defendant to eight years in prison. Later that month, the court filed the judgment sheet, which showed that defendant had to serve 85% of his sentence. In August 2014, defendant received a copy of the judgment sheet but did not move to withdraw his plea or request a direct appeal of his conviction or sentence.

¶ 13                          B. The *Pro Se* Postconviction Petition

¶ 14          In August 2016, defendant *pro se* filed a petition for postconviction relief, claiming he received ineffective assistance of counsel because "on the advice of his attorney and promise that he would receive day-for-day credit for his sentence, [defendant] entered a plea of guilty [on May 22, 2014]." Plea counsel wrote letters to defendant dated April 23, 2014, and May 14, 2014, before he pleaded guilty, stating that defendant would receive "day-for-day credit for time served." Defendant attached these letters to his petition. Plea counsel also told defendant that the State would recommend a prison term of 10 years but he believed defendant would receive a sentence of 5 or 6 years in prison.

¶ 15          Defendant claimed that, after learning he would serve 85% of his prison sentence when he received the judgment sheet in August 2014, he wrote to plea counsel informing him that

he believed this was in error and asked counsel "to correct this error and withdraw his guilty plea." In a letter dated September 9, 2014, plea counsel responded that he believed the 85% sentence was erroneously imposed and informed defendant that he wrote to the warden of Graham Correctional Center asking him to correct the error. In the letter to the warden, plea counsel stated, "Since this offense is a Class 1 felony, [defendant] is not subject to 85% sentencing. Rather he should receive day-for-day credit at 50% sentencing." On September 17, 2014, plea counsel again wrote defendant to inform him that counsel had sent a letter to the assistant state's attorneys he had spoken to during plea negotiations, asking the State to correct the error.

¶ 16                    C. The Amended Postconviction Petition

¶ 17         In September 2016, the trial court advanced defendant's petition to the second stage and appointed counsel for defendant.

¶ 18         In February 2018, defendant filed an amended postconviction petition in which defendant argued that plea counsel provided ineffective assistance by repeatedly advising defendant that any sentence would be served at 50% when in fact it would be served at 85%. The petition incorporated by reference all pleadings and arguments from earlier postconviction proceedings. Other than by incorporation, the amended petition did not allege ineffective assistance of plea counsel in relation to counsel's failure to file a motion to withdraw guilty plea after defendant informed counsel of the sentence length issue.

¶ 19         Defendant attached to the petition a letter from plea counsel dated October 14, 2014, in which plea counsel advised defendant that "you do have a right to file a post-conviction petition that your plea was involuntary because you were not told about the 85% sentencing." However, plea counsel also said that because he had found unfavorable case law, counsel would not represent defendant, stating, "I believe you are likely to lose."

¶ 20    Postconviction counsel filed an affidavit asserting he complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 21    In June 2018, the State filed an amended motion to dismiss defendant's petition, and in July 2018, the trial court granted the motion to dismiss. In its order, the court made no mention of plea counsel's failure to file a motion to withdraw guilty plea.

¶ 22    This appeal followed.

¶ 23                                    II. ANALYSIS

¶ 24    On appeal, defendant argues that (1) the trial court erred by dismissing defendant's postconviction petition because defendant made a substantial showing that plea counsel provided ineffective assistance, (2) postconviction counsel failed to comply with Rule 651(c) and provided unreasonable assistance, and (3) postconviction counsel failed to comply with Rule 651(c) and provided unreasonable assistance by failing to allege in the amended petition that plea counsel was ineffective for not filing a motion to withdraw defendant's guilty plea. Because we agree with the last argument, we need not address the remaining arguments.

¶ 25                                    A. The Law

¶ 26    "The Act provides a statutory remedy to criminal defendants who assert claims for substantial violations of their constitutional rights at trial." *People v. Robinson*, 2020 IL 123849, ¶ 42. The Act offers a mechanism for a collateral attack on a final judgment. *Id.*

¶ 27    Defendants are entitled to a statutory right of reasonable assistance of counsel under the Act. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2007). The Illinois Supreme Court has held that counsel is required to perform only the specific duties set forth in Illinois Supreme Court Rule 651(c). *People v. Greer*, 212 Ill. 2d 192, 204-05, 817 N.E.2d 511, 519 (2004). Rule 651(c) requires postconviction counsel to (1) consult with the defendant to ascertain the

contentions of deprivations of constitutional rights, (2) examine the record, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's claims. *Id.* at 205; *People v. Patterson*, 2012 IL App (4th) 090656, ¶ 23, 971 N.E.2d 1204. Although filing a certificate of compliance with Rule 651(c) creates presumptions that (1) the certifying attorney complied with the requirements of the rule and (2) the petitioner received reasonable assistance of counsel, these presumptions can be rebutted by the record. *Perkins*, 229 Ill. 2d at 52. The defendant bears the burden of demonstrating his attorney failed to comply with the duties mandated in Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200.

¶ 28        For a claim of ineffective assistance of counsel in the trial court, a defendant must show that (1) counsel's performance was deficient and (2) the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Dupree*, 2018 IL 122307, ¶ 44, 124 N.E.3d 908. The sixth amendment right to counsel includes that a defendant be provided the effective assistance of counsel when entering a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An attorney who fails to perform a "ministerial act" such as filing a notice of appeal or motion to withdraw guilty plea has performed deficiently. *People v. Edwards*, 197 Ill. 2d 239, 250-54, 757 N.E.2d 442, 449-51 (2001). An attorney whose inaction results in "the forfeiture of a proceeding itself," such as forfeiture of a direct appeal, has acted in a manner that gives rise to a "presumption of prejudice." *Id.* at 252 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). At the second stage of postconviction proceedings, a defendant must make a substantial showing to this effect. See *Edwards*, 197 Ill. 2d at 257.

¶ 29                                B. This Case

¶ 30        Defendant argues that postconviction counsel failed to comply with Rule 651(c)

and provided unreasonable assistance when he failed to allege in his amended petition that plea counsel was ineffective for not filing a motion to withdraw defendant's guilty plea. We agree.

¶ 31      Plea counsel provided ineffective assistance to defendant by not moving to withdraw defendant's guilty plea. Defendant informed counsel that defendant learned he would have to serve 85% of his sentence rather than 50% as counsel erroneously advised and defendant asked counsel to correct this problem. Counsel knew that he had misinformed defendant and wrote to the prison warden in a futile attempt to correct his error. However, counsel never did what any reasonable attorney would have done under such circumstances—file a motion to withdraw defendant's guilty plea. Although we express no opinion regarding the ultimate merits of such a motion, counsel's misinforming defendant about the possible length of the sentence provides a cognizable basis for such a motion. Counsel's failure to file this motion deprived defendant of the opportunity to (1) have the trial court consider the motion and (2) raise the issue on direct appeal.

¶ 32      Following plea counsel's error, postconviction counsel provided unreasonable assistance by failing to incorporate defendant's *pro se* claim of ineffective assistance of counsel in defendant's amended postconviction petition. The trial court did not appear to discuss the claim at oral argument or in its docket entry. We conclude that the court did so because counsel did not adequately present defendant's claim as required by Rule 651(c).

¶ 33                          III. CONCLUSION

¶ 34      Because postconviction counsel did not adequately present defendant's claim of ineffective assistance of plea counsel, defendant was denied reasonable assistance of counsel. We conclude that the facts that have been presented make a substantial showing of a constitutional deprivation. In the interest of judicial economy, we reverse the trial court's judgment and advance the case to the third stage of postconviction proceedings for an evidentiary hearing.

¶ 35       Reversed and remanded with directions.