2023 IL App (3d) 220198

Opinion filed October 20, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-22-0198 |
| v. | ) ) | Circuit No. 17-CF-1474 |
| DION A. KNIGHT, | ) ) ) | Honorable Daniel Patrick Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Justices Brennan and Albrecht concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Dion A. Knight, appeals the circuit court's denial of his motion to correct errors in the calculation of his presentence custody credit. Defendant argues that the court erred in refusing to calculate sentencing credit for successfully completing several Du Page County programs while in custody. We vacate the circuit court's order and remand for a new hearing under Illinois Supreme Court Rule 472 (eff. May 17, 2019) for the court to calculate the appropriate programming credit.

¶ 2                                    I. BACKGROUND

¶ 3       On February 3, 2017, officers arrested defendant during a traffic stop, which produced a number of controlled substances and firearms. The State charged him with armed violence and unlawful possession of a weapon by a felon. People v. Knight, No. 17-CF-225 (Cir. Ct. Du Page County) (hereinafter case No. 17-CF-225). Following arraignment, defendant did not post bond.

¶ 4       On August 22, 2017, while defendant was still incarcerated in the Du Page County jail, the State filed a complaint charging defendant with two counts of aggravated battery with a firearm, two counts of unlawful possession of a weapon by a felon, two counts of unlawful possession of a weapon by a street gang member, two counts of aggravated unlawful use of weapons, one count of armed violence, and one count of aggravated discharge of a firearm. People v. Knight, No. 17-CF-1474 (Cir. Ct. Du Page County) (hereinafter case No. 17-CF-1474). All charges in case No. 17-CF-1474 stemmed from a November 2016 shooting.

¶ 5       Both cases initially proceeded in consolidated hearings. On January 11, 2019, defendant entered an open plea to one count of aggravated battery in case No. 17-CF-1474 in exchange for the State's dismissal of the remaining charges, including those in case No. 17-CF-225. The State presented the factual basis for the aggravated battery charge, and the trial court accepted defendant's guilty plea, finding that he knowingly and voluntarily accepted the terms. The State subsequently dismissed case No. 17-CF-225.

¶ 6       On April 15, 2019, the court conducted a sentencing hearing. Defense counsel argued that several mitigating factors applied, noting that defendant attended more than 291 meetings and completed more than 400 hours of program services while awaiting sentencing in the Du Page County jail. In support, counsel tendered a letter from the director of JUST,[1] a non-profit

---

[1]JUST stands for "Justice, Understanding, Service, Teaching."

organization that offered courses at the correctional facility, indicating that defendant completed 441 hours of JUST program services between February 4, 2017, and April 12, 2019. The services included courses on substance abuse, job readiness, parenting, social services, education, and religious studies. Following defendant's statement in allocution, the trial court imposed a 15-year sentence. Defendant did not file a motion to reconsider sentence or withdraw his plea, nor did he appeal the judgment.

¶ 7        On June 22, 2020, defendant filed a petition for relief from judgment. The petition asked the court to void defendant's plea and vacate his sentence because defendant was using psychotropic medication at the time of the plea and had no memory of it. The trial court denied the petition. Defendant appealed, and the appellate court dismissed his appeal. *People v. Knight*, No. 2-20-0646 (2021) (unpublished minute order).

¶ 8        On May 18, 2021, defendant filed a "Motion for Order *Nunc Pro Tunc*" as a self-represented litigant, alleging that he was entitled to credit for the time he served in jail prior to being charged with aggravated battery in case No. 17-CF-1474. Defendant claimed that he was arrested and charged with armed violence on February 3, 2017, an unrelated charge that was later dismissed by the State, and that while he was in custody awaiting trial on that charge, he was indicted for aggravated battery—the charge to which he pleaded guilty. He claimed that pursuant to section 5-4.5-100(c) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-100(c) (West 2020)), he was entitled to approximately 150 days of additional sentencing credit. The trial court denied the motion, and defendant did not appeal.

¶ 9        On March 11, 2022, defendant filed another *pro se* "Motion for Order *Nunc Pro Tunc*," seeking jail credit. Defendant claimed that he spent 785 days in the county jail prior to sentencing and was entitled to 1570 days of credit, which he calculated by multiplying the days

he spent in custody by a factor of 2. He also requested sentencing credit for the programs he participated in and completed while in the Du Page County jail and attached an updated letter from JUST indicating that he completed 445 hours of program services from February 4, 2017, through October 9, 2020.

¶ 10      Defendant was not present at the status hearing conducted on March 30, 2022. The State informed the court that defendant had filed another motion seeking sentencing credit but orally objected to it. The State argued that it did not understand defendant's request and questioned defendant's method of "double" credit calculation. The State further argued that the original sentencing credit calculation was correct and that the sentencing judge had considered the JUST letter during the original sentencing hearing. The trial court denied the motion.

¶ 11      Defendant requested a transcript of the proceedings for the purpose of filing a motion to reconsider, and the clerk placed the matter on the court's status call. At the next hearing, defendant appeared via video conference and attempted to explain his March 11 motion. He argued that he was entitled to day-for-day credit while in custody and that he earned programming credits by attending and completing classes at the Du Page County jail. Defendant directed the court's attention to the JUST letter and his Department of Corrections sentencing order showing he never received credit for the classes he attended. The trial court concluded that defendant received the appropriate sentencing credit for time spent in custody prior to sentencing, and defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13      Defendant argues that the trial court erred in refusing to calculate sentencing credit for the county jail programs he completed. Defendant requests that we remand the case for a new hearing pursuant to Illinois Supreme Court Rule 472 (eff. May 17, 2019) and the appointment of

4

counsel. The State confesses error and agrees that the case must be remanded for further proceedings under Rule 472 but maintains that defendant is not entitled to counsel.

¶ 14    Under the applicable sentencing guidelines, section 5-4.5-100(c-5) of the Code instructs that the "trial court shall give the defendant credit for successfully completing county programming while in custody prior to imposition of sentence at the rate specified in [s]ection 3-6-3." 730 ILCS 5/5-4.5-100(c-5) (West 2020). Section 3-6-3 further provides that "[c]alculation of this county program credit shall be done at sentencing as provided in [s]ection 5-4.5-100 of this Code and shall be included in the sentencing order." *Id.* § 3-6-3(a)(4)(A).

¶ 15    During the sentencing hearing, evidence was presented that defendant successfully completed several county program services while in pretrial custody. Although the trial court mentioned the county jail programs, it did not calculate any potential sentencing credit. In his March 2022 motion to correct the sentencing error, defendant requested jail credit for his participation in those programs and attached a copy of the letter verifying his participation to the motion. At the hearing, however, the court did not address defendant's claim that he was entitled to programming credit. As the State concedes, defendant is entitled to a calculation of the presentence credit under section 5-4.5-100(c-5). See *People v. McCall*, 2022 IL App (3d) 190780-U, ¶ 26 (finding circuit court erred in refusing to calculate and enter the sentencing credit defendant received for successful participation in a county jail program).

¶ 16    Illinois Supreme Court Rule 472(a) (eff. May 17, 2019) provides that the circuit court retains jurisdiction to correct errors in sentencing credit. Specifically, Rule 472 provides:

"(a) In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties,

5

including during the pendency of an appeal, on the court's own motion, or on motion of any party:

(1) Errors in the imposition or calculation of fines, fees, assessments, or costs;

(2) Errors in the application of *per diem* credit against fines;

(3) Errors in the calculation of presentence custody credit; and

(4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court." *Id.*

Errors in the calculation of presentence custody credit encompasses a denied-credit claim under section 5-4.5-100(c-5). See *People v. Ford*, 2020 IL App (2d) 200252, ¶ 15; see also *McCall*, 2022 IL App (3d) 190780-U, ¶ 27.

¶ 17    Here, as defendant argues and the State agrees, defendant's motion must be remanded for the court to address defendant's claim regarding programming credit. We therefore vacate the trial court's denial of the Rule 472 motion and remand for the court to calculate the amount of credit owed to defendant.

¶ 18    While both parties agree that a remand is appropriate, they disagree as to the appointment of counsel on remand. Whether a defendant has a right to counsel in Rule 472 proceedings is an issue of first impression to which we apply a *de novo* standard of review. See *People v. Abernathy*, 399 Ill. App. 3d 420, 426 (2010) (whether a defendant was denied the right to counsel is reviewed *de novo*).

¶ 19    "A defendant has the right to counsel only if the constitution or a statute provides it." *People v. Love*, 312 Ill. App. 3d 424, 426 (2000). Under the United States and Illinois

6

Constitutions, criminal defendants are entitled to counsel at any " 'critical stage' " of the proceedings. *People v. Anderson*, 2021 IL App (2d) 190128, ¶¶ 21-22; see also U.S. Const., amend VI; Ill. Const. 1970, art. I, § 8. A critical stage is any stage where substantial rights of a criminal defendant may be affected or, in other words, when the defendant requires assistance in coping with legal problems or issues. *People v. Moore*, 2014 IL App (1st) 112592, ¶ 39 (citing *People v. Vernón*, 396 Ill. App. 3d 145, 153-54 (2009)). The right to counsel under the sixth amendment and our state constitution applies to every critical stage of a criminal prosecution, " 'including pretrial, trial, and sentencing.' " *Vernón*, 396 Ill. App. 3d at 153 (quoting *People v. Allen*, 220 Ill. App. 3d 772, 781 (1991)). However, "[i]t is well settled that the constitutional right to counsel [citation] applies during a defendant's trial and first appeal of right, and no further." *Love*, 312 Ill. App. 3d at 426. A defendant seeking to collaterally attack a judgment does not have a constitutional right to the assistance of counsel. *People v. Stoecker*, 2020 IL 124807, ¶ 35 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). As the *Stoecker* court explained:

> "[A]t trial, an attorney serves as a 'shield' for defendants to protect them from being ' "haled into court" ' and 'stripped of their presumption of innocence.' [Citation.] In contrast, petitioners seeking collateral review have already been stripped of the presumption of innocence and have failed to obtain relief on appellate review. [Citation.] Counsel appointed in a collateral proceeding works to advance a petitioner's claim rather than to protect him from prosecution by the State." *Id.*

¶ 20 In this case, defendant moved for sentencing credit long after the guilty plea proceedings concluded and the first appeal was dismissed. His motions for an order *nunc pro tunc* asked the

7

court to issue additional sentencing credit against his Department of Corrections sentence, seeking collateral review of his judgment. As such, there is no constitutional right to counsel.

¶ 21 Moreover, a plain reading of Rule 472 reveals that it, too, conveys no right to counsel. Where statutory language is clear and unambiguous, it must be given effect without resort to other aids of interpretation. *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 429 (2005). "We interpret supreme court rules in the same manner as statutes, applying the cardinal rule of construction in which we ascertain and give effect to the intent of the drafter, using the plain and ordinary language of the rule." *People v. Calabrese*, 398 Ill. App. 3d 98, 120 (2010). Because the clear language of Rule 472 does not provide for the assistance of counsel, defendant has no statutory right to counsel on his motion either.

¶ 22 Defendant urges us to hold that Rule 472 proceedings require the appointment of counsel by characterizing his *nunc pro tunc* motions as a motion to reconsider sentence. His argument seeks to extend the well-settled principle that a motion to reconsider sentence is a critical stage of a criminal proceeding for which a defendant is entitled to counsel (*People v. Bailey*, 364 Ill. App. 3d 404, 408 (2006)) to Rule 472 postjudgment motions. However, the procedural distinctions between a motion to reconsider sentence and a Rule 472 motion are significant and defeat defendant's claim.

¶ 23 A motion to reconsider occurs during sentencing in a criminal proceeding and must be filed within 30 days of the date on which sentence is imposed. See *People v. Reed*, 177 Ill. 2d 389, 395 (1997); Ill. S. Ct. R. 604(d) (eff. Sept. 18, 2023). Where, as here, judgment was entered on an open plea, a motion to reconsider is required to preserve sentencing issues for appellate review. See *People v. Diaz*, 192 Ill. 2d 211, 225 (2000) (applying motion to reconsider clause of Rule 604(d) to open plea cases); see also Ill. S. Ct. R. 605(b) (eff. Sept. 18, 2023). As such, a

8

motion to reconsider sentence is considered a "critical stage" of the proceedings and the right to counsel attaches. See *People v. Williams*, 358 Ill. App. 3d 1098, 1105 (2005) (citing *People v. Brasseaux*, 254 Ill. App. 3d 283, 288 (1996)).

¶ 24 By contrast, a Rule 472 motion is procedural in nature and can be filed at any time following judgment. See *People v. Joyner*, 2022 IL App (2d) 210045, ¶ 28. The purpose of the rule is to provide a clear mechanism for fixing technical errors and miscalculations in sentencing—specifically, errors in the imposition of fines and fees, *per diem* credits, and presentence custody credit and clerical errors in the sentencing order. See Ill. S. Ct. R. 472(a) (eff. May 17, 2019). A defendant is not required to file a Rule 472 motion in a timely manner to preserve his or her ability to challenge a sentencing credit error; the circuit court retains jurisdiction to correct the error at "any time" after sentencing. *Id.* Further, parties attempting to raise calculation errors covered by Rule 472 are protected from forfeiture by the rule's automatic remand provision. See Ill. S. Ct. R. 472(e) (eff. May 17, 2019) (where defendant has attempted to raise sentencing credit errors on appeal, "the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule"). Since Rule 472 does not affect defendant's substantive rights or otherwise limit a party's ability to correct sentencing credit calculations, defendant does not have a right to counsel on remand.

¶ 25 Defendant relies on *Brasseaux*, 254 Ill. App. 3d 283, but we find *Brasseaux* distinguishable. In that case, the defendant, who pleaded guilty, claimed that his right to effective assistance of counsel was violated where the trial court denied his *pro se* motion to reconsider sentence without appointing counsel. *Id.* at 285. The court noted that the motion filed by the defendant was not sufficient to raise any issue and preserved "absolutely nothing" for review on appeal. *Id.* at 290. Relying on Illinois Supreme Court Rule 604(d), the court held that defendant

9

had a statutory right to counsel in filing a motion to reconsider sentence following a guilty plea and remanded to allow the defendant to file a new postplea motion, "this time with the effective assistance of counsel." *Id.* Conversely, here, there is no enabling statutory language for a right to counsel when filing motions under Rule 472.

¶ 26     Last, we note defendant's observation on appeal that he was in fact entitled to credit for the time he spent incarcerated on the charges in case No. 17-CF-225, which were ultimately dismissed as part of his plea, because the conduct in this case (case No. 17-CF-1474) predated his arrest on the former charges (case No. 17-CF-225). See 730 ILCS 5/5-4.5-100(c) (West 2020) ("An offender arrested on one charge and prosecuted on another charge for conduct that occurred prior to his or her arrest shall be given credit on the determinate sentence *** of imprisonment for time spent in custody under the former charge not credited against another sentence."); see also *People v. Clark*, 2014 IL App (4th) 130331 (explaining the proper application of section 5-4.5-100(c)). While defendant did not appeal the trial court's denial of the section 5-4.5-100(c) credit (see *supra* ¶ 8), the court may also consider this sentencing credit issue if raised by defendant at the Rule 472 hearing.

¶ 27                                    III. CONCLUSION

¶ 28     For the forgoing reasons, we vacate the judgment of the circuit court of Du Page County and remand for further proceedings consistent with this opinion.

¶ 29     Vacated and remanded.

*People v. Knight*, 2023 IL App (3d) 220198

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 17-CF-1474; the Hon. Daniel Patrick Guerin, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the People. |